■ PAULINE WILLIAMS, Respondent, v ALAN ECON, Appellant. [633 NYS2d 392] —In a negligence action to recover damages for personal injuries arising from an automobile accident, the defendant appeals from an order of the Supreme Court, Queens County (Dye, J.), dated April 28, 1994, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs,

the defendant's motion is granted, and the complaint is dismissed.

The plaintiff and the defendant were travelling in opposite directions on Northern Boulevard in Queens, New York, when the plaintiff's vehicle crossed over a double yellow line and cross-hatched safety zone, entered the defendant's lane and collided with his car head-on. The defendant noticed the oncoming vehicle a fraction of a second before impact and responded by jamming on his brakes. There was no time to sound his horn. The plaintiff had no recollection of how the accident happened, claiming that she suffered from amnesia as a result of the injuries sustained. The Supreme Court denied the defendant's motion for summary judgment. We now reverse.

"While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where, as here, the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party" (*Morowitz v Naughton,* 150 AD2d 536, 537, citing *Viegas v Esposito,* 135 AD2d 708). It is axiomatic that a driver is not required to anticipate that an automobile going in the opposite direction will cross over into oncoming traffic *(see, Tenenbaum v Martin,* 131 AD2d 660). A cross-over scenario, as presented in this case, presents an emergency situation and the actions of a driver presented with such a sudden occurrence must be judged in that context *(see, Glick v City of New York,* 191 AD2d 677, 678).

Here, the defendant was presented with an instantaneous cross-over emergency, not of his own making, and had only a fraction of a second to react. Under no obligation to exercise his best judgment, the defendant applied his brakes and any error in his judgment is not sufficient to constitute negligence *(see, Moller v Lieber,* 156 AD2d 434, 435). Clearly, the plaintiff's acts were the sole proximate cause of the accident while the defendant was free from culpable conduct. No competing inferences may be drawn. Mere speculation that the defendant may have failed to take some unspecified accident-avoidance measures or in some other way contributed to the occurrence of the accident is insufficient to defeat a motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Bavaro v Martel,* 197 AD2d 813; *Roman v Vargas,* 182 AD2d 543).

The plaintiff's claim of entitlement to a lesser burden of proof under *Noseworthy v City of New York* (298 NY 76) by reason of her amnesia does not absolve her of the burden to make some showing of negligence, and her failure to raise the

existence of any bona fide issues of fact entitled the defendant to summary judgment dismissing the complaint *(see, Cummins v Rose,* 185 AD2d 839; *Holiday v Huntington Hosp.,* 164 AD2d 424, 427-428; *Carter v County of Erie,* 98 AD2d 963, 964). Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.