■ DANIEL J. LYONS, as Administrator of the Estate of DANIEL B. LYONS, Deceased, Plaintiff, v JOHN E. RUMPLER, III, Respondent, and THOMAS W. BERKHAN et al., Appellants.

(Action No. 1.) John E. Rumpler, III, et al., Respondents, v Thomas W. Berkhan et al., Appellants. (Action No. 2.) Daniel J. Lyons, as Administrator of the Estate of Daniel B. Lyons, Deceased, Plaintiff, v Spectrum Awnings, Inc., Defendant. (Action No. 3.) John E. Rumpler, III, et al., Respondents, v Daniel J. Lyons, as Administrator of the Estate of Daniel B. Lyons, Deceased, Defendant, and Thomas W. Berkhan et al., Appellants. (Action No. 4.) [678 NYS2d 142] —In four related actions to recover damages for personal injuries, etc., Thomas W. Berkhan and Theresa E. Berkhan appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 26, 1996, as granted the motion by John E. Rumpler, III for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against him, and those parts of the separate motion by John E. Rumpler, III, Sharon G. Rumpler, and Spectrum Awnings, Inc., which was for summary judgment on the complaint in Action No. 2 and Action No. 4 in favor of John E. Rumpler, III and Sharon G. Rumpler, and for summary judgment dismissing the complaint in Action No. 3.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the appellants' contention, the Supreme Court properly applied the emergency doctrine to the facts of this case. The record establishes that when the decedent's vehicle was propelled into oncoming traffic by the collision with the appellants' vehicle, the respondent John E. Rumpler, III was faced with a sudden and unanticipated situation which required him to react instantaneously (*see, Davis v Pimm,* 228 AD2d 885; *Koch v Levenson,* 225 AD2d 592; *Rivas v Metropolitan Suburban Bus Auth.,* 203 AD2d 349; *Ruotolo v Ambu-Wagon, Inc.,* 206 AD2d 416), and the appellants failed to establish the existence of any triable issue of fact with regard thereto.

We further reject the appellants' claims that the Supreme Court erred in determining that Rumpler responded reasonably to the emergency. Rumpler's actions of taking his foot off the accelerator and turning his steering wheel away from the oncoming vehicle in an attempt to avoid a collision were clearly reasonable, and any error in his judgment is not sufficient to constitute negligence (*see, Caban v Vega,* 226 AD2d 109). The appellants' mere speculation that Rumpler may have failed to take some unspecified accident-avoidance measures or in some other way contributed to the occurrence of the accident is insuf-

ficient to defeat summary judgment (*see, Williams v Econ,* 221 AD2d 429; *Bavaro v Martel,* 197 AD2d 813). Sullivan, J. P., Altman, Friedmann and McGinity, JJ., concur.