OPINION OF THE COURT
Muriel Share Hubsher, J.

o

Defendants Salvatore Balestrieri (Balestrieri) and Summit *325 Restaurant Repairs and Sales, Inc. (Summit) move for summary judgment dismissing plaintiffs complaint and any cross claims asserted against them.
Facts and Procedural History
This is an action for personal injuries sustained by plaintiff while he was a passenger in a vehicle owned by defendant Location Pie lx Dodge Chrysler (Location), leased by defendants George Iskander and Iskander Maritime, Inc., and driven by nonparty Darren Maximay, which collided with a car owned by defendant Summit and driven by defendant Balestrieri.
At his deposition, plaintiff testified that at the time of the accident, he was a passenger in a two-door car; that Darren Brown (also known as Darren Maximay), who died as a result of the accident, was the driver; and that a 16-year-old boy named Tarke (Tarke Simmons), who suffered cuts, scratches and bruises as a result of the accident, was sitting in the backseat.
Plaintiff testified that when he entered the car, he was in the Flatbush Avenue section of Brooklyn; that the accident occurred in the afternoon; and that he did not know how the accident had occurred. Specifically, he testified that he did not know how much time had passed between the time he entered the car and the occurrence of the accident, the roads he traveled on or the road he was on immediately before the accident, or whether the car in which he was a passenger hit another car.
Plaintiff testified that Tarke told him how the accident had occurred, but that he did not remember what Tarke had said. However, plaintiff also stated that Tarke told him that a “dollar van” had hit them.
Plaintiff testified that Tarke was living with his aunt in Florida, and that he moved there after the accident.
Mr. Balestrieri testified that, on the day of the accident, he was driving a van owned by Summit in the course of his employment for them; that the accident occurred on Flatbush Avenue across the street from Prospect Park; that the speed limit on Flatbush Avenue at the time of the accident was 30 miles per hour; and that Flatbush Avenue was a two-lane road.
As Balestrieri drove along Prospect Park on Flatbush Avenue, he was in the left lane. Just prior to the accident, he was driving between 25-30 miles per hour. There were no vehicles ahead of him and there were some vehicles behind him. Sud *326 denly, a car driving in the lane opposite from the direction in which he was driving crossed the double yellow line and collided directly into his van while the car was attempting to pass someone. Balestrieri only saw the car “instantaneously” or one-half second before contact.
When Balestrieri first saw the car, he did not do anything with respect to the steering, nor did he do anything with respect to the gas pedal because there was no time. He said he tried to step on the brakes and that he got hit in the face with an air bag. His van did not change direction from the first time he saw the car until the time of impact. When asked which part of the van was involved in the contact, Balestrieri replied “the front end, head-on collision.”
Balestrieri also testified that he was terminated from his job with Summit because his boss was “unhappy with the occurrence of the truck.”
Thereafter, plaintiff commenced the instant action, alleging, inter alia, that defendants were negligent in the ownership, operation, maintenance and control of their motor vehicle. Issue was joined by defendants thereafter. Plaintiff and Balestrieri were deposed and discovery was conducted. Defendants then made the instant motion for summary judgment.
Defendants’ Motion
Balestrieri and Summit argue that the deposition testimony of Balestrieri and plaintiff demonstrate that they were not negligent, that they did not cause the accident, and that they were faced with an emergency situation, entitling them to summary judgment. In this regard, defendants assert that plaintiff has no recollection of the accident and that there is no evidence contradicting Balestrieri’s testimony that the car in which plaintiff was a passenger crossed a double yellow line and collided into the van Balestrieri was operating.
Counsel for Location opposes, arguing that discovery is incomplete since purported eyewitness Tarke Simmons, who told plaintiff that a van had hit them, has not yet been deposed. Counsel asserts that he has been diligently attempting to locate Mr. Simmons, whom he “tracked down” in Virginia, and that once Simmons’ whereabouts are confirmed, he intends to petition the court for permission to depose Simmons there. Counsel also contends that he has not yet deposed Paul Patucha, the principal of Summit, who fired Balestrieri for ruining a company vehicle, and argues that this deposition is necessary since Balestrieri’s termination suggests that Mr. Patucha blamed Balestrieri for the accident.
*327 Counsel also asserts that Balestrieri’s deposition is contradicted by the statement he gave police at the accident scene, and that the statement not only raises a question of fact as to how the accident occurred, but also demonstrates that he had an opportunity to avoid the accident, which he failed to do.
In addition, counsel maintains that the opinion of its expert engineer, Thomas Lacek, that the accident was an offset frontal collision as opposed to a head-on collision, and that the Balestrieri vehicle likely caused the accident, as well as plaintiffs testimony suggesting that the accident occurred in the northbound lane, makes summary judgment inappropriate.
Counsel also contends that Location, named as a defendant based upon the principles of vicarious liability, is entitled to the application of the Noseworthy doctrine since plaintiff has no recollection of the accident and Mr. Simmons has not yet been deposed.
Plaintiff opposes, adopting the arguments of Location.
Balestrieri and Summit reply that Location and plaintiff have failed to rebut its prima facie showing, as discussed below.
Analysis
“It is axiomatic that a driver is not required to anticipate that an automobile going in the opposite direction will cross over into oncoming traffic” (Williams v Econ, 221 AD2d 429, 430; Wright v Morozinis, 220 AD2d 496, 497; Koch v Levenson, 225 AD2d 592, 593). “A cross-over scenario * * * presents an emergency situation and the actions of a driver presented with such a sudden occurrence must be judged in that context” (Williams, id.).
Here, Balestrieri testified that the car in which plaintiff was a passenger crossed over a double yellow line while attempting to pass another vehicle and collided head on into the van he was driving, that he only saw the car “instantaneously” or one-half second before contact, and that his attempt to apply the brakes was prevented by the deployment of his air bag.
This testimony constitutes a prima facie showing that Balestrieri was confronted “with an instantaneous cross-over emergency, not of his own making, and had only a fraction of a second to react”; that he was free from culpable conduct; and that the acts of the driver of the car in which plaintiff was a passenger were the sole proximate cause of the accident (Williams, supra).
Location and plaintiff have failed to raise a triable issue of fact concerning any possible negligence of Balestrieri and Summit that might have contributed to the accident.
*328 Preliminarily, the court rejects the claim of Location and plaintiff that the motion should be denied pending deposition of Tarke Simmons and Mr. Patucha, Balestrieri’s employer. First, plaintiff’s statement that Tarke told him how the accident had occurred and that a “dollar van” hit the car in which plaintiff was a passenger is hearsay. In any event, despite learning of this statement on October 19, 2000, Location has failed to find Mr. Simmons IV2 years later. “Summary judgment may not be defeated on the ground that more discovery is needed, where, as here, the side advancing such an argument has failed to ascertain the facts due to its own inaction” (Meath v Mishrick, 68 NY2d 992, 994; Johnson v Sniffen, 265 AD2d 304, 305). Further, the court rejects the argument that the deposition of plaintiffs employer is required. Mr. Patucha did not witness the accident and cannot provide evidence that Balestrieri was culpable therein. Moreover, as Balestrieri and Summit contend, the claim that Balestrieri was terminated because Mr. Patucha blamed him for the accident is irrelevant and speculative. Lastly on this issue, Location includes a footnote in its papers indicating that it has filed and served a separate motion to strike the note of issue “since discovery is not complete and will not be complete until the plaintiff is released from jail sometime in 2002.” However, plaintiff has already been deposed and Location fails to articulate the discovery it has been prevented from obtaining as a result of plaintiffs incarceration.
As an additional threshold matter, the court notes that the claim of Location and plaintiff that plaintiff is entitled to a lesser burden of proof under Noseworthy v City of New York (298 NY 76) because of plaintiffs failure to recall the accident and the death of the driver of the car in which plaintiff was a passenger “does not absolve [the plaintiff] of [his] burden to make some showing of negligence” (Williams, supra at 430).
Addressing the arguments of Location and plaintiff, as Balestrieri and Summit assert in their reply, the statement made by Balestrieri given at the time of the accident does not contradict his deposition testimony. Balestrieri stated that:
“At this time I was in the south bound direction of Flatbush Avenue in the left lane when I got about 100 yards distance is when I noticed a black car weave in and out of traffic at least passing one car. That was from a distance when it looked like it was going to about 80-90 mph real fast when all of a sudden the car came right out into me hitting me *329 in the front of my lane and making my air bag come out. And that is all I could remember crossing the double yellow line into my lane.”*
Both the deposition testimony and the above statement indicate that the car in which plaintiff was a passenger suddenly crossed over a double yellow line into Balestrieri’s lane and hit him. Further, contrary to the contention of Location and plaintiff, Balestrieri’s statement does not demonstrate that he had an opportunity to avoid the accident. In an emergency situation such as this, Balestrieri was under no obligation to exercise his best judgment, and any error in that regard is insufficient to constitute negligence (Williams, supra).
In addition, the affidavit of Mr. Lacek, an engineer, fails to raise a question of fact as to any culpable conduct on the part of Balestrieri or Summit. In this regard, Mr. Lacek states that “Bit remains unclear which vehicle crossed the double yellow dividing line,” yet then opines conclusorily that “[w]ithin a reasonable degree of engineering certainty, I am of the opinion that it is likely that the Balestrieri vehicle crossed the double yellow line.” Further, while Mr. Lacek asserts that the collision was a frontal offset collision, instead of a head-on collision, and that the “physical evidence shows that the Balestrieri vehicle was not driving away from, but instead, was driving directly toward [the car in which plaintiff was a passenger],” he fails to indicate the physical evidence upon which he relied. In this regard, Mr. Lacek concedes that he based his report upon the police report, the police diagrams, “photos of the defendants [sic] vehicles,” and the MV-104. In any event, although Mr. Lacek states that “the evidence supports the argument that this collision occurred either on the divider itself, or within a few feet to one side or the other,” Mr. Lacek further concedes that until discovery is completed, “we will not have a complete picture upon which to opine conclusively, but, on the basis of this record it cannot be said to a reasonable degree of certainty that the Balestrieri vehicle was not negligent” and that “it may very well be that the proximate cause of this accident is Balestrieri crossing the double yellow dividing line” (emphasis added). This affidavit, which is equivocal, speculative and conclusory, fails to raise a question of fact as to the culpable conduct of Balestrieri and Summit (see Scola v Sun Intl. N. Am., 279 AD2d 466).
*330 In sum, Balestrieri and Summit have made a prima facie showing that they were not negligent, which Location and plaintiff have failed to rebut. In view of the foregoing, the court grants the motion of Balestrieri and Summit for summary judgment to the extent of dismissing the complaint insofar as asserted against them.

 Some of the words in this accident statement are illegible but the parties do not dispute its contents.