■ RICHARD DUBI et al., Appellants, v JERICHO FIRE DISTRICT et al., Respondents. [803 NYS2d 103]—

In an action to recover damages for wrongful death and personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), entered January 7, 2004, as granted the defendants' motion for summary judgment dismissing the complaint and denied that branch of their cross motion which was for leave to amend the complaint, and (2) from an order of the same court dated May 3, 2004, which denied their motion for leave to reargue.

Ordered that the appeal from the order dated May 3, 2004, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered January 7, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The defendants made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra*). The plaintiffs failed to show that the conduct of the defendant Richard Schiraldi was negligent or, if so, that his negligence was a proximate cause of the accident which resulted in the death of the plaintiffs' decedent (*see* Vehicle and Traffic Law § 1111 [d] [1] and § 1144; *Grange v Jacobs,* 11 AD3d 582, 583 [2004]; *Klein v Byalik,* 1 AD3d 399 [2003]; *Dormena v Wallace,* 282 AD2d 425, 427 [2001]; *Velez v Diaz,* 227 AD2d 615, 616 [1996]). That the decedent died in the accident and is thus unable to describe the events in question reduces the plaintiffs' burden of proof (*see Noseworthy v City of New York,* 298 NY 76 [1948]; *Jose v Richards,* 307 AD2d 279 [2003]), but it does not relieve them of the obligation to provide some proof from which negligence can reasonably be inferred (*see Calderon v City of New York,* 13 AD3d 569, 570 [2004]; *Jose v Richards, supra*). Finally, the affidavits of the plaintiffs' experts were speculative and insufficient to raise any triable issue of fact (*Jose v Richards, supra; Holliday v Hudson Armored Car & Courier Serv.,* 301 AD2d 392, 398 [2003]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The Supreme Court properly denied the plaintiffs' cross motion for leave to amend the complaint since the proposed amend-

ments regarding the Jericho Fire District's negligent training of certain employees were patently devoid of merit (*see AYW Networks v Teleport Communications Group,* 309 AD2d 724, 725 [2003]; *Panzera v Johnny's II,* 253 AD2d 864, 865 [1998]). Florio, J.P., Crane, Fisher and Dillon, JJ., concur.