■ Saroj M. Gajjar, Appellant, v Shyamal Mahendraku Shah, Defendant, and William R. Sheehan et al., Respondents.
[817 NYS2d 653]—

In an action to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Vaughan, J.), dated June 23, 2005, as, upon an order of the same court dated April 20, 2005, granting the motion of the defendants William R. Sheehan and United Parcel Service, Inc., also known as U.P.S., for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff's decedent was a passenger in a car traveling eastbound on Hillside Avenue, a two-way four-lane roadway with a dedicated left-turn lane in the center. The car crossed over three lanes of traffic, including a double-yellow line, into oncoming traffic, and collided with the front of a tractor-trailer owned by the defendant United Parcel Service, Inc. also known as U.P.S. (hereinafter UPS), and driven by the defendant William R. Sheehan, which was in the farthest right westbound traffic lane. To be entitled to summary judgment dismissing the complaint insofar as asserted against them, UPS and Sheehan had the burden of establishing prima facie that Sheehan was not liable with respect to the collision at issue in this case (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic. Such an event constitutes a classic emergency situation, thus

implicating the "emergency doctrine" (*see Lyons v Rumpler,* 254 AD2d 261, 262 [1998]; *Williams v Econ,* 221 AD2d 429, 430 [1995]; *Greifer v Schneider,* 215 AD2d 354, 356 [1995]; *Gaeta v Morgan,* 178 AD2d 732, 734 [1991]; *Moller v Lieber,* 156 AD2d 434, 435 [1989]). Sheehan's reaction—staying in his own lane and slamming on his brakes—was reasonable as a matter of law under the circumstances, which were not of his own making (*see Caban v Vega,* 226 AD2d 109 [1996]). The burden thus shifted to the plaintiff to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

In opposition to the motion, the plaintiff submitted only an attorney's affirmation arguing that Sheehan had enough time to avoid the accident and speculating that discovery would reveal that Sheehan should have swerved his tractor-trailer to the left to avoid the out-of-control oncoming vehicle. The affirmation was insufficient to raise a triable issue of fact (*see Zuckerman v City of New York, supra*). Under any reasonable view of the evidence, the emergency doctrine applied. Thus, even if Sheehan could conceivably have swerved his tractor-trailer to avoid the collision, such vehicular agility was not required.

While the plaintiff is correct that there is a lower standard of proof in wrongful death actions, and the plaintiff is entitled to every inference that can reasonably be drawn from the evidence in determining whether a prima facie case can be made out (*see Rivenburgh v Viking Boat Co.,* 55 NY2d 850, 851-852 [1982]), the plaintiff is still under an obligation to provide "some proof from which negligence can reasonably be inferred" (*Dubi v Jericho Fire Dist.,* 22 AD3d 631, 632 [2005]; *see Calderon v City of New York,* 13 AD3d 569, 570 [2004]). Here, the plaintiff failed to satisfy this burden because under any reasonable view of the evidence, Sheehan's conduct was not negligent. Consequently, the Supreme Court properly granted the motion of Sheehan and UPS for summary judgment dismissing the complaint. Crane, J.P., Ritter, Krausman and Skelos, JJ., concur.