■ MARGARET MARSCH, Appellant, v TONY CATANZARO, Respondent. [837 NYS2d 195]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated March 30, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden on his motion for summary judgment of establishing that he was not liable for the death of the plaintiff's decedent (*see generally GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The deposition testimony of the defendant, along with the statement of a disinterested eyewitness, established that as the defendant drove west on a public highway, an eastbound vehicle several car lengths ahead of him crossed over the double yellow lines and

into his lane, moving directly toward him at a speed of 35 to 40 miles per hour. To avoid colliding with the eastbound vehicle, the defendant swerved to his right and off the road, striking the plaintiff's decedent, a pedestrian walking next to the road. The defendant testified that the entire incident took place in a matter of several seconds, and that he did not see the decedent until the moment of impact.

A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into the oncoming lane of traffic. Such an event constitutes a classic emergency situation, implicating the "emergency doctrine" (*see Gajjar v Shah,* 31 AD3d 377, 377-378 [2006]; *Cheung v Dominican Convent of Our Lady of Rosary,* 22 AD3d 450, 451 [2005]; *Lyons v Rumpler,* 254 AD2d 261, 262 [1998]). The defendant's reaction in the emergency situation, swerving out of the path of the oncoming vehicle, was reasonable as a matter of law under the circumstances, which were not of his own making (*see Gajjar v Shah, supra* at 378; *Williams v Econ,* 221 AD2d 429, 430 [1995]; *Moller v Lieber,* 156 AD2d 434, 435 [1989]).

In opposition, the plaintiff failed to present sufficient evidence to raise a triable issue of fact as to whether the defendant had operated his vehicle in a negligent manner (*see Wasson v Szafarski,* 6 AD3d 1182, 1182-1183 [2004]; *Sheppeard v Murci,* 306 AD2d 268 [2003]; *Lyons v Rumpler, supra* at 262). While the plaintiff is correct that there is a lower standard of proof in wrongful death actions, and the plaintiff is entitled to every inference that can reasonably be drawn from the evidence in determining whether a prima facie case is made (*see Noseworthy v City of New York,* 298 NY 76 [1948]), the plaintiff is still obligated "to provide some proof from which negligence can reasonably be inferred" (*Dubi v Jericho Fire Dist.,* 22 AD3d 631, 632 [2005]; *see also Smith v Stark,* 67 NY2d 693, 694-695 [1986]; *Coughlin v Bartnick,* 293 AD2d 509, 510 [2002]). The plaintiff's speculation that the defendant's inattention caused the collision, that the defendant might have been able to take measures to warn the decedent to move out of the way, or that the defendant could have prevented his vehicle from striking the decedent, was insufficient to defeat the defendant's motion for summary judgment (*see Cheung v Dominican Convent of Our Lady of Rosary, supra* at 451; *Gonzalez v City of New York,* 295 AD2d 122 [2002]). Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.