■ Sabrina Francis, Appellant, v Carmen Guzman et al., Defendants, and Malinda D. Francis, Respondent. [857 NYS2d 683]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Queens County (Kitzes, J.), entered January 19, 2007, as granted that branch of the motion of the defendant Malinda D. Francis which was for summary judgment dismissing the complaint insofar as asserted against her, and (2) a judgment of the same court entered March 16, 2007, as, upon the order, dismissed the complaint insofar as asserted against that defendant and, in effect, severed the action against the other defendants. The notice of appeal from the order entered January 19, 2007 is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On October 29, 2004 the defendant Malinda D. Francis was driving a vehicle in which her sister-in-law, the plaintiff Sabrina Francis, was a passenger. At approximately 2:30 P.M. their vehicle was involved in an accident with a school bus owned by the defendant Madeline Transportation, Inc., and driven by the defendant Carmen Guzman. The plaintiff subsequently commenced the instant action against the defendants, seeking to recover damages for injuries she allegedly sustained as a result of the accident.

On her motion for summary judgment, the defendant Malinda D. Francis established her prima facie entitlement to judgment as a matter of law by submitting evidence establishing that the accident occurred when the school bus, which was traveling in an oncoming lane of traffic at a speed between 40 to 50 miles per hour, suddenly crossed over the double yellow line into her lane of traffic, sideswiping her vehicle (*see Marsch v Catanzaro,* 40 AD3d 941, 942 [2007]; *Gajjar v Shah,* 31 AD3d 377, 377-378

[2006]; *Eichenwald v Chaudhry,* 17 AD3d 403, 403-404 [2005]; *Coss v Sunnydale Farms,* 268 AD2d 499, 499-500 [2000]; *Williams v Econ,* 221 AD2d 429, 430 [1995]). These circumstances are sufficient to permit her to invoke the "emergency doctrine" (*Marsch v Catanzaro,* 40 AD3d at 942), which provides that when a person is faced with a sudden and unexpected situation that is not of the person's own making, and leaves little or no time for deliberation, the person is not negligent if he or she took reasonable and prudent action under all the relevant circumstances (*see Caristo v Sanzone,* 96 NY2d 172, 174 [2001]).

In opposition, neither the plaintiff nor Madeline Transportation, Inc. and Guzman presented evidence sufficient to raise a triable issue of fact as to whether the defendant Malinda D. Francis operated her vehicle in a negligent manner (*see Marsch v Catanzaro,* 40 AD3d at 942; *Gajjar v Shah,* 31 AD3d at 378; *Eichenwald v Chaudhry,* 17 AD3d at 403-404; *Williams v Econ,* 221 AD2d at 430). Accordingly, the Supreme Court properly granted that branch of the motion of the defendant Malinda D. Francis which was for summary judgment dismissing the complaint insofar as asserted against her. Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.