■ FIDEL PALMA, Appellant, v GABRIEL A. GARCIA et al., Defendants, and DAVID KAMSLER, Respondent. [861 NYS2d 113]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated April 3, 2006, as granted that branch of the motion of the defendant David Kamsler which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 21, 2004 at approximately 6:25 A.M. the defendant David Kamsler was driving northbound on a straight stretch of Park Avenue, in Huntington. Kamsler was between four and five car lengths behind a vehicle driven by the defendant Martha J. Castillo, driving at a speed he estimated at no more than 25 miles per hour. The plaintiff was a front-seat passenger in Castillo's vehicle. The defendant Gabriel A. Garcia, who had not slept that night, was driving his vehicle southbound on Park Avenue. Garcia's vehicle crossed the double-yellow line into the northbound lane and collided with Castillo's vehicle in the northbound lane. Kamsler swerved to the right and applied his brakes to avoid the accident, but struck Castillo's car, which was spinning as a result of the impact with Garcia's vehicle. The plaintiff, who allegedly was injured in the collisions, commenced this action against Garcia, Kamsler, and Castillo. Kamsler moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against him, arguing that he reacted reasonably to an emergency situation not of his own making. The Supreme Court granted his motion, and the plaintiff appeals. We affirm.

"A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic. Such an event constitutes a classic emergency situation, thus implicating the 'emergency doctrine' " (*Gajjar v Shah,* 31 AD3d 377, 377-378 [2006]; *see Marsch v Catanzaro,* 40 AD3d 941, 942 [2007]; *Lyons v Rumpler,* 254 AD2d 261, 262 [1998]; *Williams v Econ,* 221 AD2d 429, 430 [1995]; *Greifer v Schneider,* 215 AD2d 354, 356 [1995]; *Gaeta v Morgan,* 178 AD2d 732, 734 [1991]; *Moller v Lieber,* 156 AD2d 434, 435 [1989]). Kamsler was confronted with precisely that situation, and the Supreme Court correctly concluded that his reaction was reasonable as a matter of law under the circumstances (*see Gajjar v Shah,* 31 AD3d 377, 378 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Francis v Guzman,* 51 AD3d 628 [2008]). Consequently, the Supreme Court properly granted that branch of Kamsler's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.