◼ FIDEL PALMA, Appellant, v GABRIEL A. GARCIA et al., Defendants, and MARTHA J. CASTILLO, Respondent. [861 NYS2d 115]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an or-

der of the Supreme Court, Suffolk County (Weber, J.), dated December 7, 2006, as granted that branch of the motion of the defendant Martha J. Castillo which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 21, 2004 at approximately 6:25 A.M. the defendant Martha J. Castillo was driving northbound on a straight stretch of Park Avenue, in Huntington. The plaintiff was a front-seat passenger in Castillo's vehicle. The defendant Gabriel A. Garcia, who had not slept that night, was driving his vehicle southbound on Park Avenue. Garcia's vehicle crossed into the northbound lane, and Castillo jammed on her brakes, but her vehicle collided with Garcia's vehicle. The collision occurred entirely in the northbound lane. The defendant David Kamsler, who had been driving his car northbound on Park Avenue, about four or five car lengths behind Castillo's vehicle, at about the same speed, swerved and applied his brakes to avoid the accident, but struck Castillo's car, which was spinning as a result of the impact with Garcia's vehicle. The plaintiff, who allegedly was injured in the collisions, commenced this action against Garcia, Kamsler, and Castillo. Castillo moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against her, arguing that she reacted reasonably to an emergency situation not of her own making. The Supreme Court granted the motion. We affirm.

"A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic. Such an event constitutes a classic emergency situation, thus implicating the 'emergency doctrine' " (*Gajjar v Shah,* 31 AD3d 377, 377-378 [2006]; *see Marsch v Catanzaro,* 40 AD3d 941, 942 [2007]; *Lyons v Rumpler,* 254 AD2d 261, 262 [1998]; *Williams v Econ,* 221 AD2d 429, 430 [1995]; *Greifer v Schneider,* 215 AD2d 354, 356 [1995]; *Gaeta v Morgan,* 178 AD2d 732, 734 [1991]; *Moller v Lieber,* 156 AD2d 434, 435 [1989]). Castillo established, prima facie, that she was confronted with an emergency situation not of her own making and that her reaction was reasonable under the circumstances (*see Gajjar v Shah,* 31 AD3d at 378). In opposition, the plaintiff failed to raise a triable issue of fact (*see Francis v Guzman,* 51 AD3d 628 [2008]). Consequently, the Supreme Court properly granted that branch of Castillo's motion which was for summary judgment dismissing the complaint insofar as asserted against her. Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.