LIAM FAWCETT et al., Plaintiffs, v SUFFOLK TRANSPORTATION SERVICE, INC., et al., Respondents, and LONG ISLAND POWER AUTHORITY et al., Appellants. [865 NYS2d 292]—

In an action to recover damages for personal injuries, the defendants Long Island Power Authority and Kevin G. Donnelly appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated June 21, 2007, as granted that branch of the cross motion of the defendants Suffolk Transportation Service, Inc., Suffolk Transportation Systems, Inc., Suffolk Transportation Corp., and Obdulia Gonzalez which was, in effect, for summary judgment dismissing the cross claims against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arose from a collision between a vehicle owned by the defendant Long Island Power Authority (hereinafter LIPA) and operated by the defendant Kevin G. Donnelly and a school

bus owned by the defendants Suffolk Transportation Service, Inc., Suffolk Transportation Systems, Inc., and Suffolk Transportation Corp. (hereinafter collectively Suffolk Transportation) and operated by the defendant Obdulia Gonzalez. The infant plaintiff, a passenger in the school bus, allegedly was injured when a utility pole, which was on a trailer being towed by the LIPA vehicle, collided with the school bus. The plaintiffs moved, inter alia, for summary judgment against all defendants on the issue of liability, and Suffolk Transportation and Gonzalez cross-moved, among other things, in effect, for summary judgment dismissing the cross claims against them. The Supreme Court granted the plaintiffs' motion with respect to LIPA and Donnelly, granted the cross motion, inter alia, in effect, for summary judgment dismissing the cross claims against Suffolk Transportation and Gonzalez, and ordered a damages trial as to LIPA and Donnelly. LIPA and Donnelly challenge only that portion of the order granting that branch of the cross motion of Suffolk Transportation and Gonzalez which was, in effect, for summary judgment dismissing the cross claims against them.

In support of the cross motion, Gonzalez submitted an affidavit in which she averred that she was in the right eastbound lane of Montauk Highway intending to continue through the intersection with Vanderbilt Boulevard when, as she neared the intersection, the utility pole on the trailer "swung from the left lane into the right lane" as the LIPA vehicle was making a left turn from the left turn lane of Montauk onto Vanderbilt. Contrary to the appellants' contentions, this evidence established that Gonzalez was faced with a cross-over emergency not of her own making and was sufficient to establish the prima facie entitlement of Suffolk Transportation and Gonzalez to judgment as a matter of law (see *Koenig v Lee,* 53 AD3d 567 [2008]; *Vitale v Levine,* 44 AD3d 935, 936 [2007]; *Marsch v Catanzaro,* 40 AD3d 941, 942 [2007]; *Clough v Szymanski,* 26 AD3d 894, 895 [2006]).

In opposition, the appellants were required to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact (see *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). They failed to adduce any evidentiary proof, and their speculation that Gonzalez may have been inattentive or could have avoided the accident was insufficient to raise a triable issue of fact (see *Marsch v Catanzaro,* 40 AD3d at 942; *Gajjar v Shah,* 31 AD3d 377, 377-378 [2006]; *Sheppeard v Murci,* 306 AD2d 268, 269 [2003]; *Rumpler v Berkhan,* 254 AD2d 261, 262-263 [1998]).

Moreover, to the extent that the appellants relied upon witness statements which the plaintiffs submitted in support of their summary judgment motion, we note that those statements were consistent with Gonzalez's affidavit and provided no basis to infer that further discovery would yield evidence favorable to the appellants. Accordingly, the motion for summary judgment was not premature since the appellants failed to show that the discovery they sought would lead to relevant evidence that would raise a triable issue of fact (*see Universal Express, Inc. v McKinnon,* 37 AD3d 705 [2007]; *Weintraub v Levine,* 22 AD3d 664 [2005]). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.