In an action to recover damages for personal injuries, the defendants Richard Gooding and Orange Transportation Services, Inc., appeal from an order of the Supreme Court, Queens County (Rosengarten, J.), dated October 16, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs payable by the respondent, and the motion of the defendants Richard Gooding and Orange Transportation Services, Inc., for summary judgment dismissing the complaint insofar as asserted against them is granted.
The plaintiff sustained personal injuries when a car service vehicle in which she was riding was struck “head on” by a motor vehicle owned by the defendant Li-Tzu Chang and operated by the defendant Li-Heng Chang. The Chang vehicle was traveling in the wrong direction on the eastbound roadway of Queens Boulevard. The plaintiff subsequently commenced this action against the Changs, the owner of the motor vehicle in which she was riding, Orange Transportation Services, Inc., and the operator of that vehicle Richard Gooding. Gooding testified at his deposition that he first observed the other vehicle “about two” seconds prior to the occurrence. The plaintiff testified at her deposition that approximately five seconds elapsed from the time that she first observed the Chang vehicle until the moment of impact. Li-Heng Chang testified at his deposition that he had *531 been traveling in the wrong direction on Queens Boulevard for a minute prior to the occurrence.
Under these circumstances, the appellants established their prima facie entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that Gooding was faced with an emergency situation, not of his own making, as a result of Li-Heng Chang traveling in the wrong direction on Queens Boulevard. Under any reasonable view of the evidence, the emergency doctrine applied. The evidence submitted in opposition to the motion failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]). It is speculative, at best, as to whether Gooding could have avoided the accident under these circumstances (see Gajjar v Shah, 31 AD3d 377 [2006]). Mastro, J.E, Rivera, Covello and Leventhal, JJ., concur.