■ STELLA BLANCA ARDILA, Appellant, v JULIE A. COX et al., Defendants, and MATTHEW L. BALCH et al., Respondents. [931 NYS2d 120]—

On April 12, 2007, at approximately 11:00 A.M., the plaintiff was driving eastbound on a three-lane highway, of which two lanes were dedicated to eastbound travel and the remaining lane was dedicated to westbound travel. Behind the plaintiff, also traveling eastbound, were the defendants Matthew L. Balch, who was operating an oil tanker truck owned by the defendant Francis J. Mayer, and Michael Hartnett, who was operating a sedan owned by the defendant Luisa Hartnett. Traveling in the opposite direction was the defendant Julie Cox, who was operating a Jeep owned by the defendant Jonathan Cox. The road surface was wet due to rainfall. As Cox approached a slight right curve in the road, she crossed over the double-yellow line and into the eastbound lanes of traffic. Cox's Jeep collided with the plaintiff's vehicle, causing the plaintiff's car to spin counterclockwise and come to rest in the right eastbound lane. Cox's Jeep also spun counterclockwise but returned to the westbound lane. Upon seeing Cox's Jeep cross the double-yellow line, Balch applied the brakes on the oil tanker truck and swerved to the right, moving the truck from the left eastbound lane to the right eastbound lane where he collided with the plaintiff's car. Hartnett's car collided with the back of Balch's oil tanker truck.

The plaintiff commenced the instant action against the Coxes, the Hartnetts, Balch, and Mayer. Balch and Mayer moved for, among other things, summary judgment dismissing the complaint insofar as asserted against them, contending that Balch acted reasonably in response to an emergency situation not of his own making. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Balch and Mayer, and the plaintiff appeals. We affirm the order insofar as appealed from.

The emergency doctrine provides that "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Jablonski v Jakaitis*, 85 AD3d 969, 970 [2011]; *Brannan v Korn*, 84 AD3d 1140, 1140 [2011]). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact, those issues may in appropriate circumstances be determined as a matter of law" (*Vitale v Levine*, 44 AD3d 935, 936 [2007] [internal quotation marks and citation omitted]; *see Brannan v Korn*, 84 AD3d 1140 [2011]; *Jones v Geoghan*, 61 AD3d 638, 639 [2009]). "A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic. Such an event constitutes a classic emergency situation, thus implicating the 'emergency doctrine' " (*Gajjar v Shah*, 31 AD3d 377, 377-378 [2006]; *see Palma v Garcia*, 52 AD3d 795 [2008]; *Williams v Econ*, 221 AD2d 429 [1995]; *Greifer v Schneider*, 215 AD2d 354, 356 [1995]).

Here, the defendants Balch and Mayer submitted sufficient evidence to establish, prima facie, that Balch was presented with an emergency situation not of his own making when Cox's Jeep crossed over the double-yellow line, and that he acted reasonably in response to that emergency by applying the brakes and swerving to the right (*see Palma v Garcia*, 52 AD3d 795 [2008]; *Marsch v Catanzaro*, 40 AD3d 941, 942 [2007]; *Wenz v Shafer*, 293 AD2d 742 [2002]; *Lyons v Rumpler*, 254 AD2d 261, 262 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted that branch of the motion of the defendants Balch and Mayer which was for summary judgment dismissing the complaint insofar as

asserted against them. Dillon, J.P., Belen, Roman and Miller, JJ., concur.