In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Fusco, J.), dated December 23, 2011, which granted the motion of the defendants New York City Transit Authority and Jose Gonzales for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed, with costs.
The plaintiff was a passenger in a vehicle operated by the de *846 fendant Kammarah Brown, which collided with a bus owned by the defendant New York City Transit Authority and operated by the defendant Jose Gonzales (hereinafter together the Transit Authority defendants). The plaintiff allegedly sustained injuries when the vehicle operated by Brown crossed over the double yellow line and into the oncoming lane of traffic, striking the bus. The Transit Authority defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted the motion.
“Under the emergency doctrine, ‘when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context’ ” (Miloscia v New York City Bd. of Educ., 70 AD3d 904, 905 [2010], quoting Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]). “This is not to say that an emergency automatically absolves one from liability for his [or her] conduct. The standard then still remains that of a reasonable [person] under the given circumstances, except that the circumstances have changed” (Ferrer v Harris, 55 NY2d 285, 293 [1982]; see Pawlukiewicz v Boisson, 275 AD2d 446, 447 [2000]). “ ‘A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic [and] [s]uch an event constitutes a classic emergency situation, thus implicating the “emergency doctrine” ’ ” (Ardila v Cox, 88 AD3d 829, 830 [2011], quoting Gajjar v Shah, 31 AD3d 377, 377-378 [2006]).
Here, the evidence submitted by the Transit Authority defendants in support of their motion established that Gonzales was faced with an emergency situation not of his own making, and that he acted reasonably in response to that emergency (see Ardila v Cox, 88 AD3d at 830). Brown stated at his deposition that the accident happened “quick” and “fast.” He explained that, when the sun came out, he reached for the visor and drifted into oncoming traffic. Gonzales stated at his deposition that his bus was traveling at the rate of 8 to 10 miles per hour at the time of the impact, and that he hit the brakes, sounded the horn, and swerved to the left in an attempt to avoid the collision with the plaintiffs vehicle, which had crossed over into his lane of traffic. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the Transit Authority defendants’ summary judgment motion. Mastro, J.E, Hall, Sgroi and Cohen, JJ., concur.