■ Ashley Graci, Appellant, v Joan S. Kingsley et al., Respondents. [45 NYS3d 187]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), entered June 22, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was operating a motor vehicle traveling south on Manetto Hill Road in Plainview when her vehicle crossed over the double yellow line into oncoming traffic and came into contact with a vehicle operated by the defendant Harold Kingsley (hereinafter the defendant driver) and owned by the defendant Joan S. Kingsley. In her deposition testimony, the plaintiff testified that she lost control of her vehicle when it began to hydroplane after she drove over a "wet spot" on the roadway and that her vehicle slid across the double yellow line into oncoming traffic. An eyewitness to the accident testified that she was driving behind the plaintiff's vehicle in one of the southbound lanes when the plaintiff's vehicle suddenly swerved left into oncoming traffic and collided with the defendants' vehicle. The defendant driver testified at his deposition that he was driving in one of the northbound lanes when the plaintiff's vehicle crossed into his lane of travel and came into contact with his vehicle. The defendant driver testified that he had no time to apply his brakes prior to impact with the plaintiff's vehicle.

The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in connection with the accident. The defendants moved for summary judgment dismissing the complaint. In support of their motion, the defendants submitted, among other things, the plaintiff's deposition testimony, the defendant driver's deposition testimony, and the deposition testimony and affidavit of the eyewitness. In the order appealed from, the Supreme Court granted the defendants' motion. We affirm.

The emergency doctrine provides that "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Ardila v Cox*, 88 AD3d 829, 830 [2011]). "A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic" (*Gajjar v Shah*, 31 AD3d 377, 377 [2006]). "Such an event constitutes a classic emergency situation, thus implicating the 'emergency doctrine' " (*id.* at 377-378; *see Honold v Karwowski*, 124 AD3d 724, 725 [2015]; *Palma v Garcia*, 52 AD3d 795, 796 [2008]).

Here, the defendants' submissions established that, under any reasonable view of the evidence, the emergency doctrine applied (*see Jones v Geoghan*, 61 AD3d 638, 639 [2009]; *Levine v Li-Heng Chang*, 56 AD3d 530, 531 [2008]; *see also Bowen v Farrell*, 140 AD3d 1001, 1002 [2016]). The defendants established, prima facie, that the defendant driver was presented with an emergency situation not of his own making when the plaintiff's vehicle crossed over into his lane of traffic, and that he acted reasonably in response to that emergency (*see Honold v Karwowski*, 124 AD3d at 725; *Levine v Li-Heng Chang*, 56 AD3d at 531; *Palma v Garcia*, 52 AD3d at 796). Contrary to the plaintiff's contention, her deposition testimony, which the defendants submitted in support of their motion, did not create a triable issue of fact as to whether the defendant driver's negligence contributed to the occurrence of the accident (*see Levine v Li-Heng Chang*, 56 AD3d at 531; *Lyons v Rumpler*, 254 AD2d 261, 262-263 [1998]).

In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme

Court properly granted the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Roman, Miller and Barros, JJ., concur.