Freder v Costello Indus., Inc. (2018 NY Slip Op 04700)





Freder v Costello Indus., Inc.


2018 NY Slip Op 04700


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-10669
 (Index No. 1010/12)

[*1]Drew F. Freder, et al., appellants, 
v
Costello Industries, Inc., et al., defendants, Ocon Incorporated, et al., respondents.


Grant & Longworth, LLP, Dobbs Ferry, NY (Marie R. Hodukavich of counsel), for appellants.
White Fleischner & Fino, LLP, New York, NY (Nancy Davis Lyness of counsel), for respondents.
Litchfield Cavo LLP, New York, NY (Michael K. Dvorkin of counsel), for defendant Costello Industries, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Lewis J. Lubell, J.), dated August 28, 2015. The order granted the motion of the defendants Ocon Incorporated and John J. Murphy to amend their answer to include the affirmative defenses of the emergency doctrine and the seatbelt defense, and denied the plaintiffs' cross motion for summary judgment on their General Municipal Law § 205-e cause of action insofar as asserted against the defendants Ocon Incorporated and John J. Murphy.
ORDERED that the order is affirmed, with costs to the respondents.
The plaintiff Drew F. Freder, a New York State Police Trooper, was injured in the line of duty while responding to a vehicular accident on Interstate 84. A pickup truck owned by the defendant Ocon Incorporated and driven by the defendant John J. Murphy (hereinafter together Ocon/Murphy) allegedly suddenly moved from the right lane of traffic into the left lane where Freder was operating his police vehicle at a high rate of speed. The Ocon/Murphy truck allegedly moved into the left lane to avoid striking a construction sign that was present in the right lane. The Ocon/Murphy truck had been traveling behind a Honda vehicle operated by the defendant Jean B. Simeus, who allegedly also swerved around the construction sign to avoid striking it. As a result of the sudden lane change, the Ocon/Murphy truck was struck by Freder's police vehicle.
The Supreme Court granted Ocon/Murphy's motion for leave to amend their answer to plead affirmative defenses of the emergency doctrine and the seatbelt defense. The court further denied the plaintiffs' cross motion for summary judgment on their General Municipal Law § 205-e cause of action insofar as asserted against Ocon/Murphy. The plaintiffs appeal.
" Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit'" (Favia v Harley-Davidson Motor Co., Inc., 119 AD3d 836, 836, quoting Maldonado v Newport Gardens, Inc., 91 AD3d 731, 731-732; see Jeffrey Gardens Apt. Corp. v LH Mgt., Inc., 157 AD3d 941). " No evidentiary showing of merit is required under CPLR 3025(b)'" (Jeffrey Gardens Apt. Corp. v LH Mgt., Inc., 157 AD3d at 942, quoting Lucido v Mancuso, 49 AD3d 220, 229). " A determination whether to grant such leave is within the trial court's broad discretion, and the exercise of that discretion will not be lightly disturbed'" (Jeffrey Gardens Apt. Corp. v LH Mgt., Inc., 157 AD3d at 942, quoting Ingrami v Rovner, 45 AD3d 806, 808).
Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in permitting Ocon/Murphy to amend its answer to allege the emergency doctrine as an affirmative defense. Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327; see Jablonski v Jakaitis, 85 AD3d 969, 970; Evans v Bosl, 75 AD3d 491, 492; Palma v Garcia, 52 AD3d 795, 796; Gajjar v Shah, 31 AD3d 377, 377-378). "Except in [the] most egregious circumstances, it is normally left to the trier of fact to determine if [a particular] situation rises to the level of [an] emergency" (Stevenson v Recore, 221 AD2d 834, 834).
However, where the claimed emergency resulted from a defendant's own actions, for example, from the defendant's failure to maintain a safe distance between his or her vehicle and the vehicle in front of him of her, it will not qualify as an emergency under the emergency doctrine (see Shehab v Powers, 150 AD3d 918, 920; Burke v Kreger Truck Renting Co., 272 AD2d 494, 494-495; Pappas v Opitz, 262 AD2d 471). Nor will the emergency doctrine apply where he or she encounters "a known, foreseeable hazard which he in fact observed enter his path prior to the accident" or where he or she "fails to be aware of the potential hazards presented by traffic conditions, including stoppages caused by accidents up ahead" (Cascio v Metz, 305 AD2d 354, 356).
Here, although the injured plaintiff opined at his deposition that the vehicle driven by Murphy failed to maintain a safe distance behind the vehicle driven by Simeus, Simeus did not similarly claim that Murphy was driving too close behind him. Murphy also testified at his deposition that he maintained a safe distance between his vehicle and the vehicle operated by Simeus. Moreover, if the accident resulted from the unexpected presence of the construction sign in the right lane, it cannot be said that Murphy failed to account for a foreseeable or normally potential hazard. Thus, as the plaintiffs failed to show that allowing Ocon/Murphy to plead the affirmative defense of the emergency doctrine lacked merit or would prejudice them, the Supreme Court providently exercised its discretion in granting the branch of Ocon/Murphy's motion which sought to amend their answer to plead this defense.
Similarly, we agree with the Supreme Court's determination granting that branch of Ocon/Murphy's motion which was for leave to amend their answer to assert a seatbelt defense. [*2]Although the plaintiffs maintain that the defense should not have been allowed because the injured plaintiff was not statutorily required to wear a seatbelt at the time of the accident (see Vehicle and Traffic Law §§ 101, 1229-c[4]), a jury should nevertheless be permitted to consider his alleged failure to wear an available seatbelt in assessing damages (see Ruiz v Rochester Tel. Co., 195 AD2d 981; see also Spier v Barker, 35 NY2d 444, 450; Gardner v Honda Motor Co., 145 AD2d 41, 47). In this regard, we find unpersuasive the plaintiffs' further contention that the seatbelt defense may not be advanced in opposition to their cause of action pursuant to General Municipal Law § 205-e because the issue of comparative fault is not to be considered with respect to such a cause of action (see Giuffrida v Citibank Corp., 100 NY2d 72, 83; Mullen v Zoebe, Inc., 86 NY2d 135, 142-144; Williams v City of New York, 304 AD2d 562, 568, affd 2 NY3d 352). Indeed, the seatbelt defense does not concern any comparative fault issues, since "[a] plaintiff's alleged failure to wear a seatbelt is not relevant to the issue of liability but, rather, may, if properly pleaded as an affirmative defense, be introduced into evidence in mitigation of damages'" (Brabham v City of New York, 105 AD3d 881, 883, quoting Vehicle and Traffic Law § 1229-c[8]; see Spier v Barker, 35 NY2d at 450).
We agree with the Supreme Court's denial of the plaintiffs' cross motion for summary judgment on their General Municipal Law § 205-e cause of action insofar as asserted against Ocon/Murphy. To make out a cause of action under section 205-e, the plaintiffs were required to (1) identify the statute or ordinance with which the defendant failed to comply, (2) describe the manner in which the police officer was injured, and (3) set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm (see Williams v City of New York, 2 NY3d 352, 363 [internal quotation marks omitted]). "[A]s a prerequisite to recovery, a police officer must demonstrate injury resulting from negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties" (id. at 364 [internal quotation marks omitted]). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on their General Municipal Law § 205-e cause of action by demonstrating that Ocon/Murphy negligently violated, inter alia, Vehicle and Traffic Law § 1128(a), which prohibits drivers from making lane changes before they have ascertained that they can do so safely (see Reyes-Diaz v Quest Diagnostic Inc., 123 AD3d 790; Gluck v New York City Tr. Auth., 118 AD3d 667, 668-669). However, in opposition, Ocon/Murphy established that a triable issue of fact exists as to whether Murphy operated his vehicle reasonably pursuant to the emergency doctrine, thereby precluding a grant of summary judgment to the plaintiffs on this cause of action.
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court