MacMonigle v Delbuono (2019 NY Slip Op 04929)





MacMonigle v Delbuono


2019 NY Slip Op 04929


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2018-07025
 (Index No. 61902/14)

[*1]Daniel J. MacMonigle, appellant, 
v
Michael W. Delbuono, defendant-respondent; Joseph P. Barbato, nonparty-respondent.


The Schlemmer Firm, LLC, New York, NY (Paul N. Schlemmer of counsel), for appellant.
Buratti, Rothenberg & Burns, East Meadow, NY (Scott R. Dinstell of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 8, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 27, 2012, at approximately 3:00 a.m., a vehicle driven by nonparty Joseph Barbato, who was intoxicated and may have fallen asleep while driving, swerved across a double-yellow line and into a vehicle that was being driven in the opposite direction by the defendant. The plaintiff, who was seated in the passenger seat of the defendant's vehicle, suffered injuries as a result of this accident.
The plaintiff commenced this action against the defendant, alleging negligence. Following discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
The defendant met his prima facie burden of establishing that he was entitled to judgment as a matter of law. A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic. Such an event constitutes a classic emergency situation, thus implicating the emergency doctrine (see Gajjar v Shah, 31 AD3d 377, 378; Cheung v Dominican Convent of Our Lady of Rosary, 22 AD3d 450, 451).
In opposition, the plaintiff failed to present sufficient evidence to raise a triable issue of fact as to whether the defendant had operated his vehicle in a negligent manner (see Gajjar v Shah, 31 AD3d at 377-378; compare Bentley v Moore, 251 AD2d 612, 613, with Cahoon v Frechette, 86 AD3d 774, 776).
The plaintiff's remaining contentions are either not properly before this Court or without merit.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court