■ SEDAT KUCI, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant. [631 NYS2d 163] —Judgment, Supreme Court, Bronx County (Jerry Crispino, J.), entered May 18, 1994, which after a jury trial found defendant liable for plaintiff's injuries and awarded damages in favor of plaintiff, unanimously reversed, on the law, the judgment vacated and a new trial granted as to all issues, without costs.

The trial court erred in not allowing the jury to hear key evidence in the form of a statement made at the time of the accident, and in denying defendant's request to charge the jury as to the "emergency doctrine".

The statement made at the time of the accident by plaintiff's companion was erroneously precluded from evidence as

inadmissible hearsay. In fact, the statement was not hearsay, but instead constituted a "verbal * * * act" (*People v Salko*, 47 NY2d 230, 239-240), which would have been probative of defendant's theory that plaintiff's purported injury was a sham. Preclusion of this key piece of evidence was not harmless error inasmuch as it arguably affected the outcome of the trial under defendant's view of the evidence (*Marine Midland Bank v Russo*, 50 NY2d 31, 43).

The jury should have also been allowed to consider whether the occurrence at issue was an emergency as defined by the "emergency doctrine" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 326-327). The evidence presented reasonably allowed for such an inference yet the trial court denied the request for a jury charge as to the emergency doctrine. The fact of the bus operator's awareness that at the particular intersection, motorists often made sudden right turns from the left lane, creating a hazard with buses leaving the bus stop there, did not lessen the potential emergency quality of these circumstances (*see, Ferrer v Harris*, 55 NY2d 285, 290-292, *mot to amend remittitur granted* 56 NY2d 737; *Rivera v New York City Tr. Auth., supra*; *Sonntag v Dor-Vac Corp.*, 192 AD2d 594, *lv denied* 82 NY2d 654). This error also prejudiced the outcome of the trial under defendant's view of the evidence and warrants reversal. Concur—Wallach, J. P., Kupferman, Nardelli and Williams, JJ.