■ Raymond Caban, Respondent, v Fernando L. Vega et al., Appellants. [640 NYS2d 58] —Judgment, Supreme Court, Bronx County (Alan J. Saks, J.), entered May 9, 1995, upon a jury verdict in favor of plaintiff and against defendants in the amount of $1 million which apportioned liability 95% against the Vega defendants and 5% against the Clarke defendants,

unanimously modified, on the law, to vacate the jury's finding of 5% liability against the Clarke defendants and dismiss the complaint as against them, thus resulting in the apportionment of 100% liability against the Vega defendants, and, as so modified, the judgment is otherwise affirmed, without costs.

While there were conflicting accounts at trial of this three car accident, it is undisputed that plaintiff and defendant Barron R. Clarke were both driving westbound on White Plains Road near the intersection of Randall Avenue in the Bronx, while defendant Fernando Vega was proceeding in the opposite direction. There were two lanes of traffic moving in each direction. The accident occurred when Vega's vehicle crossed into the lane in which plaintiff was driving, striking the left side of his car and propelling it into Clarke's lane, where it was then struck by Clarke's automobile or, as Clarke maintains, it slammed into his car.

Clarke had no evidence to offer concerning the contact between the Caban and Vega vehicles, which he never saw. Rather, he testified that he was driving uneventfully along White Plains Road at 10 to 15 miles per hour with not much traffic on the road and nothing out of the ordinary happening until he heard a loud bang, which was the sound of two automobiles colliding. He then purportedly brought his car to an immediate stop, followed, in a "split second", by plaintiff's automobile spinning into his lane and hitting the left front corner of his vehicle. Plaintiff, who claimed to have suffered amnesia and had no recollection of the incident, insists, on the other hand, that Clarke, notwithstanding that the initial collision happened some five or six feet in front of him, failed to notice either the Caban or Vega vehicle and, thus, did not reduce his speed or stop his car in time to prevent the impact.

Regardless of what caused the collision between plaintiff's car and the Vega vehicle, and regardless of whether plaintiff's car then hit Clarke's car or vice versa, it is clear that Clarke under either version of the events was still confronted with an emergency situation that was not within his making or control. While a plaintiff who is entitled to an amnesia jury charge may prevail on a lesser burden of proof, he or she is still required to make a prima facie showing of defendant's fault (see, Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 333-334).

The emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative

courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context", and, thus, cannot be expected to adhere to the same accuracy of judgment as someone who has had the full opportunity to reflect (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327, *rearg denied* 77 NY2d 990; *see also, Amaro v City of New York*, 40 NY2d 30, 36; *Roman v Vargas*, 182 AD2d 543, 544).

Courts have consistently determined that an individual who did not create, or did nothing to contribute to, an emergency situation cannot be held liable for the repercussions therefrom (*see, e.g., Williams v Econ*, 221 AD2d 429; *Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 219 AD2d 486). Significantly, a driver who is in his proper lane "is not required to anticipate that an automobile going in the opposite direction will cross over into oncoming traffic" since "[a] cross-over scenario * * * presents an emergency situation" (*Williams v Econ, supra,* at 430; *see also, Glick v City of New York*, 191 AD2d 677; *Breckir v Lewis*, 21 AD2d 546, *affd sub nom. Breckir v Pleibel*, 15 NY2d 1027).

Plaintiff has claimed that Clarke's negligence arose out of his alleged failure to notice either the Caban or Vega vehicle and take appropriate action, by either reducing his speed or stopping his car, to avoid the impact. However, Clarke was simply proceeding peacefully along White Plains Road when plaintiff's spinning vehicle made contact with his own, thereby providing him "with an instantaneous cross-over emergency, not of his own making, and [with] only a fraction of a second to react. Under no obligation to exercise his best judgment, the defendant applied his brakes and any error in his judgment is not sufficient to constitute negligence" (*Williams v Econ, supra,* at 430).

Moreover, it is pure conjecture to assume that the collision between plaintiff's and Clarke's automobiles would have been prevented had the latter spotted the Caban and/or Vega vehicles any earlier, and courts have repeatedly rejected, as a basis for imposing liability, speculation concerning the possible accident-avoidance measures of a defendant faced with an emergency (*see, Williams v Econ, supra*). Accordingly, notwithstanding that the jury found Clarke to be only 5% responsible for plaintiff's injuries, this was 5% too much and inasmuch as there is no reasonable construction of the evidence by which he could be considered at fault for what occurred, the judgment against the Clarke defendants should be vacated and the complaint dismissed as against them.

We have considered the points raised by the Vega defendants in their cross appeal and find them unpersuasive. Concur— Sullivan, J. P., Rubin, Kupferman and Williams, JJ.