■ GERTRUDE EDWARDS et al., Plaintiffs, v GAINES SERVICE LEASING CORP. et al., Defendants, and FRANCIS MacLEAY, Sued Herein as FRANCIS McLEAN, Respondent. MONICA SAWICKI, Respondent, v FRANK MAZZILLI et al., Defendants, and FRANCIS EDWARDS, Appellant. EFIM DUKAT et al., Plaintiffs, v FRANK C. MAZZILLI, Defendant, FRANCIS A. EDWARDS, Appellant, and FRANCIS MacLEAY, Respondent. [664 NYS2d 445] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about March 18, 1997, which, to the extent appealed from, denied defendant Edwards' motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant Edwards dismissing the complaints as against him.

A car driven by defendant Mazzilli, travelling on a northbound entrance ramp to the Meadowbrook Parkway from the Southern State Parkway, swerved to avoid another car on the ramp, crossed a grassy divider, collided with the car in front of defendant Edwards' vehicle and then struck Edwards' vehicle, which was travelling in the right hand northbound lane of the Meadowbrook Parkway at approximately 45 to 50 miles per hour. The only issue on this appeal from the denial of Edwards' motion for summary judgment dismissing the complaint is whether he was negligent in responding to Mazzilli's crossover. On that question, the IAS Court found a triable issue of fact. We discern no such issue and grant the motion.

The record shows that as the Mazzilli and Edwards vehicles reached the merge point of the Meadowbrook Parkway northbound and the entrance ramp from the Southern State Parkway, the Mazzilli car suddenly went out of control, crossed a narrow grass divider and struck two vehicles, including Edwards', in the northbound lanes of the Meadowbrook. According to Mazzilli, one second elapsed between the time of the first impact until his car came to rest. He described the interval of time from when he swerved left to avoid another car on the ramp to the time the car came to rest as "a second, second". According to the deposition testimony of Edwards' wife, when she first saw Mazzilli's car, she said, "Honey, that [Mazzilli] car is going to hit us." She continued, "I just about got it out of my mouth when it hit us." Since it is uncontested that the accident occurred just a second or two after Mazzilli's vehicle was first observed "coming across the grass, just a few feet from [Edwards' car]" and the parties opposing summary judgment have failed to identify what action, if any, Edwards could have taken to avoid the accident or minimize the damages, summary judgment is warranted under the emergency doctrine. (*See, Caban v Vega*, 226 AD2d 109.) Concur—Sullivan, J. P., Milonas, Wallach, Williams and Colabella, JJ.