■ EMILIANO QUILES et al., Appellants, v JAMES S. GREENE, JR., et al., Respondents. [739 NYS2d 30] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered May 25, 2001, which to the extent appealed from, granted defendant Samuel's cross motion for summary judgment and dismissed plaintiffs' claims against Samuel, unanimously reversed, on the law, without costs, and the cross motion denied.

This action arises from two successive car collisions on the Triborough Bridge involving three vehicles. According to plaintiff Quiles, he was driving a truck southbound in the right lane when a vehicle driven by defendant Greene cut into his lane and suddenly stopped, causing Quiles to rear-end the Greene vehicle, cross the southbound center and left lanes and land astride the metal center divider. Quiles's truck, now protruding into the northbound left lane, was struck by the vehicle driven by defendant Samuel. The IAS court granted Samuel's motion to dismiss on the ground that the unanticipated presence of the Quiles truck in his lane constituted an emergency since Samuel could not have anticipated such an extraordinary act by Quiles (*Gunacar v Mantione*, 264 AD2d 814). Were there no factual dispute as to whether Samuel was faced with an "instantaneous" emergency, the IAS court decision would be unexceptional but where, as here, the parties dispute timing, the existence of an emergency remains a triable factual issue.

Quiles specifically claimed that his truck came to a full stop across the divider and that 15 seconds elapsed before Samuel struck him. Quiles stated that after his truck stopped, he turned the ignition off and took his seat belt off. While trying to exit his stranded vehicle, Quiles claimed that he saw the

Samuel vehicle, approximately 200 feet away, and that Samuel made no effort to either slow down or avoid a collision. Samuel's deposition testimony asserted that the Quiles vehicle was only visible to him for a matter of seconds before impact. The conflicting versions provided by Quiles and Samuel reveal issues of disputed material fact involving the time interval between cross-over and impact, the condition and position of the Quiles vehicle and the ability of Samuel to have avoided impact by reducing speed or moving to other lanes. The record reveals triable factual disputes on the applicability of the emergency doctrine (*see, Trevino v Castro*, 256 AD2d 6 *and Raposo v Raposo*, 250 AD2d 420 [several seconds between cross-over and collision raise triable issue]; *Woolley v Coppola*, 179 AD2d 991 [ability to see vehicle 200 feet away and failure to apply brakes create triable issue]; *and Gaeta v Morgan*, 178 AD2d 732 [20 seconds between cross-over and impact raise triable issue]). Concur—Andrias, J.P., Saxe, Buckley, Friedman and Marlow, JJ.