■ PETRONILA GONZALEZ et al., Appellants, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. NIVEA NIEVES, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendants. [742 NYS2d 301] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered October 25, 2001, which, in actions for personal injuries arising out of a collision between a police car and a bus on which plaintiffs were passengers, granted defendant-respondent New York City Transit Authority's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

In support of its motion for summary judgment, respondent submitted the affidavit of its bus driver and accident reports indicating that the police car was traveling at a high rate of speed in the opposite direction on a wet road when it suddenly skidded out of control and, almost instantaneously, crossed over into the bus's lane and hit the bus. This sufficed to show, prima facie, the applicability of the emergency doctrine (*see, Caban v Vega*, 226 AD2d 109, 110-111), and entitled respondent to summary judgment unless plaintiffs adduced evidence that the bus driver's actions prior to the cross-over contributed to the emergency or that after the cross-over he could have taken one or more actions that would have avoided the accident or minimized plaintiffs' injuries (*see, Edwards v Gaines Serv. Leasing Corp.*, 244 AD2d 279; *Williams v Econ*, 221 AD2d 429, 430; *Stoebe v Norton*, 278 AD2d 484; *compare, Quiles v Greene*, 291 AD2d 345). Plaintiffs adduced no such evidence. While one of the plaintiffs asserts that the bus was going at its usually fast early-morning rate of speed, she is unable to estimate speed, and thus fails to raise a genuine issue of fact. While a few seconds may have elapsed between the time the bus driver first observed the police car turn onto the street the bus was on, it appears that the time interval between the cross-over and the collision was virtually instantaneous (*cf., Raposo v Raposo*, 250 AD2d 420). Finally, assuming, as plaintiffs argue, that Vehicle and Traffic Law § 1144 required the bus driver to pull over and stop as soon as he observed the police car, plaintiffs do not rebut the driver's assertion that, in the few seconds between his first observing the police car and the cross-over, all he could do was apply his brakes since cars were parked on his right and traffic was coming on his left, and it is pure speculation to say that such an action would have avoided the accident or minimized plaintiffs' injuries (*see, Caban v Vega, supra* at 111). Concur—Nardelli, J.P., Tom, Rosenberger, Wallach and Friedman, JJ.