■ MARY BROOKS et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [798 NYS2d 381]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered February 5, 2004, which, in an action by bus passengers for personal injuries, granted the motion of defendants-respondents Transit Authority and bus driver for summary judgment dismissing the complaint as against them, modified, on the law, to deny the motion and to reinstate the complaint as to plaintiff Bennett, and otherwise affirmed, without costs.

Plaintiffs assert that they were injured when the bus suddenly stopped, causing them to be thrown forward. In support of the motion, the bus driver showed that he was traveling in

bumper-to-bumper traffic at no more than 10 to 12 miles per hour when he applied his brakes to avoid a collision with a cab that suddenly cut in front of him. In opposition, plaintiffs failed to adduce any evidence tending to show that the bus driver created the emergency or could have avoided a collision with the cab by taking some action other than applying his brakes. Accordingly, the motion court properly invoked the emergency doctrine in finding that no issues of fact exist as to defendants-respondents' negligence (*see Gonzalez v City of New York*, 295 AD2d 122 [2002]). We modify to deny the motion as to plaintiff Bennett, whose claims had been severed in a prior order. Concur—Buckley, P.J., Andrias and Friedman, JJ.

Mazzarelli and Saxe, JJ., dissent in a memorandum by Saxe, J. as follows: The majority's affirmance of the dismissal here relies upon application of the so-called "emergency doctrine" as a matter of law. However, the circumstances here are inappropriate for a summary application of the doctrine. Unlike the facts in the cases relied upon, here the question of whether the driver of the bus could or should have done anything under the circumstances to avoid the need to stop short cannot be answered as a matter of law. Rather, the issue of whether the emergency doctrine should be applied to the actions of the bus driver should be left to a jury.

Plaintiffs were passengers in a city bus driving up Madison Avenue between 7:00 and 7:30 P.M. on November 9, 1995, when it came to a sudden stop at about 54th Street, causing them to be thrown forward out of their seats. The bus driver, defendant Kenneth Williams, asserted that he was traveling in bumper-to-bumper traffic at no more than 10 to 12 miles per hour when a taxicab suddenly cut in front of him and then stopped, forcing him to apply his brakes suddenly to avoid a collision.

The bus driver and the Transit Authority sought summary judgment dismissing the negligence claims against them pursuant to the so-called "emergency doctrine." Under that doctrine, when a person is faced with a sudden and unexpected situation that leaves little time for deliberation, he is not negligent if he took reasonable and prudent actions under all the relevant circumstances, as long as he has not created the emergency (*Caristo v Sanzone*, 96 NY2d 172, 174 [2001]). "A party requesting the emergency instruction is entitled to have the jury so charged if some evidence of a qualifying emergency is presented" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). However, where the manner in which events unfolded leaves open the possibility that a defendant should have seen the other vehicle in enough time to avoid the accident, summary judgment should be denied (*see e.g. Rabassa v Caldas*, 306 AD2d 137 [2003]).

There are certainly situations in which it is appropriate to determine, as a matter of law, that the driver of the vehicle in which a passenger was injured did nothing to cause or contribute to the accident, and indeed was unable to do anything to prevent it (*see e.g. Gonzalez v City of New York*, 295 AD2d 122 [2002]; *Caban v Vega*, 226 AD2d 109 [1996]). However, such situations generally involve essentially instantaneous events that cannot be anticipated or avoided, such as another vehicle careening out of control and crossing over into oncoming traffic lanes. In *Gonzalez*, for instance, it was undisputed that in a matter of moments, a police car traveling at a high rate of speed on a wet road skidded out of control and crossed over into the lanes headed in the opposite direction, hitting a city bus; therefore, the Transit Authority was properly granted summary judgment dismissing the claim brought against it by bus passengers (295 AD2d at 122). Similarly, in *Caban*, where one defendant's car crossed over into the opposite lanes of traffic, striking the left side of plaintiff's car and propelling it into or in the path of a second defendant's car, the jury's finding against the second defendant was vacated (226 AD2d at 110).

Here, the motion court granted dismissal, reasoning that the bus driver's testimony established that he had to make a sudden emergency stop to avoid hitting the cab in front of him, and that neither Baskin's nor Brooks's testimony that the bus had stopped short constituted sufficient evidence to defeat the motion since neither one of these plaintiffs witnessed the accident. I disagree, since given the circumstances surrounding the incident, the driver's assertions of fact do not establish as a matter of law that he was necessarily faced with a sudden and unexpected circumstance that he could have done nothing to avoid.

Specifically, the driver stated that more than 10 seconds intervened between the time he first saw the cab in the lane next to him and the incident itself, and that the cab was traveling at the same rate of speed as the bus. Even though the passenger plaintiffs, who were seated inside the bus, were unable to observe the exact chain of events leading up to their being thrown from their seats, the circumstances themselves create the possibility that the driver could have avoided the problem. There are legitimate questions as to whether the driver could, or should, have been aware that the taxicab, by its actions or other indicators, showed that it sought to move to the right lane in order to make a right turn, and whether the bus driver nevertheless drove in such a way as to prevent the taxicab from doing so. These questions cannot be conclusively answered as a

matter of law. A jury *could* find the bus driver's narrative of events credible and, accordingly, apply the emergency doctrine, or it could reject application of the doctrine and conclude that he should have foreseen the cab driver's maneuver and taken appropriate measures to avoid the need to stop short.

In view of the unanswered questions as to whether the bus driver did anything that contributed to the need to stop short, or failed to do something that could have avoided the need to stop short, the question of whether the emergency doctrine is applicable here should be left to a jury.