(January 23, 2007)

■ Alyssa Williams, an Infant, by Her Mother and Natural Guardian, Miriam Williams, et al., Plaintiffs, v Pauline Simp-

son et al., Defendants. PAULINE SIMPSON et al., Third-Party Plaintiffs-Respondents, v MARK WILLIAMS, Third-Party Defendant-Appellant. HENRY RAFEAT et al., Second Third-Party Plaintiffs-Respondents, v MARK WILLIAMS, Second Third-Party Defendant-Appellant. [829 NYS2d 51]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered January 12, 2006, which denied the motion by Mark Williams for summary judgment dismissing the third-party complaints against him, unanimously reversed, on the law, without costs, the motion granted and those third-party actions dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiffs are the daughter and wife of Mark Williams, who was the owner and driver of the car in which they were passengers when it was involved in a multivehicle accident in 2003. Their action was commenced against the owners and drivers of the two other vehicles. Defendants alleged negligence in their third-party complaints against Mark Williams.

It was undisputed that before the collision, Mark Williams was traveling eastbound in a proper lane on Eastchester Road when he slowed or stopped his vehicle, approximately four or five car lengths before reaching an intersection, because he saw two vehicles, driven by defendants Rafeat (traveling westbound) and Simpson (traveling northbound on the intersecting Hammersley Avenue), about to collide. "Seconds" after that collision, Rafeat's vehicle spun out of control, crossed the double line, and collided with the Williams vehicle.

A driver in his proper lane is not required to anticipate that an automobile going in the opposite direction will cross over into his lane of traffic (*Caban v Vega*, 226 AD2d 109, 111 [1996]). Such a crossover scenario presented Mark Williams with an emergency situation not of his own making (*see Williams v Econ*, 221 AD2d 429 [1995]). In cases where the crossover and collision occur almost instantaneously, the driver in the proper lane cannot be considered negligently responsible for any part of the accident (*see Gonzalez v City of New York*, 295 AD2d 122 [2002]), notwithstanding the anticipatory slowdown by driver Williams. Summary judgment is appropriate in these circumstances (*Eichenwald v Chaudhry*, 17 AD3d 403 [2005]; *Lyons v Rumpler*, 254 AD2d 261 [1998]). Concur—Tom, J.P., Friedman, Nardelli, Catterson and Malone, JJ.