■ WILLIAM BRUCE TALLANT et al., Appellants, v GREY LINE NEW YORK TOURS, INC., et al., Respondents. [889 NYS2d 562]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 16, 2008, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

It was raining on the afternoon of October 8, 2005, and all the passengers on the Gray Line double-decker bus were on the lower level. The injured plaintiff testified that he had been standing on the right passenger side, holding the guardrail, when the tour guide told him to step back from the doorway. There were no seats left. As he was talking to the guide, defendant driver slammed on the brakes and the bus, which had been moving about five miles per hour, stopped abruptly.

The driver testified that the bus was stopped at a red light at Madison Avenue and 52nd Street, and when the light turned green, he proceeded at five miles per hour, approximately two or three feet, when a cab "jumped in front of" him. According to the driver, he applied the brakes with "medium" pressure.

Defendants invoked the emergency doctrine. In opposition, plaintiffs failed to adduce any evidence that the driver might have created the emergency or could have avoided a collision with the cab by taking some action other than applying his brakes (*see Brooks v New York City Tr. Auth.*, 19 AD3d 162 [2005]). Nor did plaintiffs demonstrate that the stop was unusual or violent, and different from the jerks and lurches normally associated with urban bus travel (*cf. Urquhart v New York City Tr. Auth.*, 85 NY2d 828 [1995]). Accordingly, there were no triable issues of fact as to defendants' alleged negligence. Concur—Gonzalez, P.J., Andrias, Saxe, Renwick and Manzanet-Daniels, JJ.