■ EMILIANO ZAPATA, Appellant, v AYANNA SUTTON et al., Defendants, and MICHAEL P. GIACHINTA et al., Respondents. (And Another Action.) JORGE ADRIAN BERNAL CUAPIO et al., Appellants, v MICHAEL P. GIACHINTA et al., Respondents, et al., Defendants. [922 NYS2d 400]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered January 8, 2010, which, insofar as appealed from as limited by the briefs, granted defendants Michael Giachinta and Putnam Tire Co., Inc.'s motion for summary judgment dismissing the complaints and all cross claims asserted against them in actions Nos. 1 and 3, unanimously affirmed, without costs.

Giachinta, who was driving in his proper lane, was "presented . . . with an emergency situation not of his own making" and almost no time to react when defendant Ayanna Sutton's vehicle crossed over double yellow lines into his lane from the opposite direction and collided with his vehicle, and therefore he cannot be found "negligently responsible for any part of the accident" (*Williams v Simpson*, 36 AD3d 507, 508 [2007]; *Gonzalez v City of New York*, 295 AD2d 122 [2002]; *Caban v Vega*, 226 AD2d 109, 111 [1996]).

Contrary to plaintiffs' contention, nothing in the record indicates that Giachinta was driving inattentively, at excessive speed, or in slippery road conditions. Nor does the record support the contention that Giachinta unreasonably steered his wheel towards the northbound lane in response to the emergency created by Sutton. The affidavit by plaintiffs' expert stating otherwise provides "nothing more than pure speculation, unsupported by reference to any facts in the record or personal observations" and therefore is insufficient to raise a triable issue of fact as to the reasonableness of Giachinta's actions (*Saborido-Calvo v New York City Tr. Auth.*, 11 AD3d 216, 216 [2004]). Concur—Gonzalez, P.J., Tom, Andrias, Moskowitz and Freedman, JJ.