Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered September 25, 2012, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established their entitlement to judgment as a matter of law by demonstrating the applicability of the emergency doctrine in this action where plaintiff was injured when the bus in which she was a passenger stopped suddenly, hurling her forward into the windshield. Defendants submitted evidence showing that, shortly after the bus had started to move after being stopped at a traffic light, a car drove around the bus erratically and at a high rate of speed, cutting the bus off so closely that the car’s rear bumper came within an inch of striking the bus’ front bumper. Defendant bus driver was forced to stop suddenly in order to avoid colliding with the car (see Brooks v New York City Tr. Auth., 19 AD3d 162 [1st Dept 2005]; Gonzalez v City of New York, 295 AD2d 122 [1st Dept 2002]).
In opposition, plaintiff failed to raise a triable issue of fact as to defendants’ negligence. Plaintiff may not rely on statements she entered in the errata sheet to her deposition transcript, as these corrections were untimely (see CPLR 3116 [a]).
Plaintiffs assertion in her opposition affidavit, that “[n]o car ever cut the bus off at any time prior to [her] accident,” is also *562 unavailing, since it contradicts her deposition testimony. Moreover, even the corrected version of plaintiff’s deposition testimony fails to raise a triable issue of fact. Concur — Mazzarelli, J.E, Acosta, Moskowitz, Manzanet-Daniels and Gische, JJ.