■ Labseou Rooney, Respondent, v Mariam Madison et al., Defendants, and George Abi-Nakad et al., Appellants. [24 NYS3d 9]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about April 9, 2015, which, to the extent appealed from, denied the motion of defendants-appellants George Abi-Nakad and Daniel Abinakad for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as to these defendants. The Clerk is directed to enter judgment accordingly.

Although the testimony of defendant Daniel Abinakad, the driver of one of the vehicles in this three car collision, and that of his passenger, nonparty Timothy Braig, both deposed almost seven years after the accident, differ as to whether Abinakad's vehicle was first struck from the left or the right, as a vehicle suddenly merged into Abinakad's center lane, causing Abinakad to be propelled into the vehicle in which plaintiff was a passenger, under neither version is there evidence of Abinakad's negligence, and plaintiff has offered no evidence from which such negligence may be reasonably inferred (see Freeman v Johnston, 84 NY2d 52, 57 [1994] ["There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . If the evidence is merely colorable . . . or is not significantly probative . . ., summary judgment may be granted" (internal quotations and citation omitted)], cert denied 513 US 1016 [1994]; Caban v Vega, 226 AD2d 109, 111 [1st Dept 1996]).

Conclusory allegations by plaintiff's counsel that Abinakad was speeding are insufficient to defeat summary judgment (see Perez v Brux Cab Corp., 251 AD2d 157, 160 [1998]; Sanchez v Lonero Tr., Inc., 100 AD3d 417 [1st Dept 2012]). Moreover, "[s]peculation regarding evasive action that a defendant driver should have taken to avoid a collision, especially when the

driver had, at most, a few seconds to react, does not raise a triable issue of fact" (*Dearden v Tompkins County*, 6 AD3d 783, 785 [3d Dept 2004]; *see also Edwards v Gaines Serv. Leasing Corp.*, 244 AD2d 279, 280 [1st Dept 1997]).

We have considered plaintiff's remaining arguments, and find them unavailing. Concur—Friedman, J.P., Acosta, Andrias and Richter, JJ.