■ Estate of VALENTIN MIRJANI, Deceased, by Haleh Kerendian, as Administratrix, et al., Appellants, v CARLENE DEVITO et al., Respondents, et al., Defendants. [24 NYS3d 263]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 13, 2014, which granted the Riso and the Fulcoly defendants' motions for summary judgment dismissing the complaint and all cross claims against them, unanimously modified, on the law, to grant defendant DeVito, upon a search of the record, summary judgment dismissing the complaint and all cross claims against her, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendants Carlene DeVito, Courtney Riso, and Joseph Fulcoly all told the police at the scene and later testified at their depositions that the vehicle driven by defendant Behrouz Benyaminpour, in which plaintiffs were passengers, crossed the double yellow line and entered the westbound lane of traffic, even though the Benyaminpour vehicle was traveling in the eastbound lane. Behrouz told police at the scene that he had no memory of how the accident happened. All of these statements were memorialized in the MV-104 accident report

prepared by the police officer investigating the accident. Behrouz now contends that two or three months after the accident, his memory returned, wherein at his deposition, Behrouz testified that the vehicles driven by DeVito, Riso and Fulcoly crossed the yellow line into his lane, causing the accident. This, plaintiffs argue, creates a material issue of fact and defendants' motions for summary judgment should have been denied.

It is axiomatic that statements made by a party in an affidavit, a police report, or a deposition that are not denied by the party constitute an admission, and that later, conflicting statements containing a different version of the facts are insufficient to defeat summary judgment, as the later version presents only a feigned issue of fact (*see Garzon-Victoria v Okolo*, 116 AD3d 558 [1st Dept 2014]; *Garcia-Martinez v City of New York*, 68 AD3d 428, 429 [1st Dept 2009]).

Here, the certified police report and the officer's deposition testimony unequivocally state Behrouz did not remember how the accident happened. Indeed, Behrouz, at his deposition, acknowledged telling this to the police but went on to testify that he regained his memory several months later when he visited the scene. His testimony regarding how the accident occurred was flatly contradicted by that of DeVito, Riso and Fulcoly, as well as by plaintiff Kerendian, who was a passenger in Behrouz's vehicle. Behrouz's testimony therefore "appears to have been submitted to avoid the consequences of his prior admission to the police officer and, thus, is insufficient to defeat [defendants'] motion for . . . partial summary judgment" (*Garzon-Victoria v Okolo*, 116 AD3d at 558; *see also Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053 [2d Dept 2012]; *Nieves v JHH Transp., LLC*, 40 AD3d 1060 [2d Dept 2007]). The motion court properly rejected this testimony since the totality of Behrouz's submissions create only a feigned issue of fact, and they are therefore insufficient to defeat defendants' motions (*Harty v Lenci*, 294 AD2d 296 [1st Dept 2002]).

The motion court correctly found that plaintiffs failed to present evidence sufficient to raise a triable issue of fact as to the negligence of Riso and Fulcoly. Whether either could have taken actions to have avoided the accident is insufficient to defeat their motions for summary judgment, as the evidence established that they faced an emergency situation and were not required to anticipate that Behrouz's vehicle would cross over into their lane of traffic (*Williams v Simpson*, 36 AD3d 507, 508 [1st Dept 2007]; *Caban v Vega*, 226 AD2d 109, 111 [1st Dept 1996]).

Upon a search of the record (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]), we grant DeVito summary judgment, since the evidence establishes that Behrouz's negligence was the sole proximate cause of the accident.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.