■ STEVEN HINES, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, and ACADEMY EXPRESS LLC et al., Appellants. [30 NYS3d 552]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered on or about October 20, 2015, which, insofar as appealed from as limited by the briefs, denied the motion of defendants Academy Express LLC (Academy) and Damon Bassano for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff, while a passenger on a bus owned by defendant Transit Authority, was injured when that bus collided with another bus owned by Academy, and driven by Bassano. The rear right side of the Transit Authority bus collided with the front driver's corner of the Academy bus when the Transit Authority bus changed lanes from the left to the right lane, in which the Academy bus was proceeding.

Bassano testified, without contradiction, that there was approximately one second, from when he first saw the Transit Authority bus passing him, until impact. Under such circumstances, he had no time to anticipate the Transit Authority bus cutting him off, and his actions were not negligent as a matter of law, under such emergency conditions (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *Ward v Cox*, 38 AD3d 313 [1st Dept 2007]). "[C]ourts have repeatedly rejected, as a basis for imposing liability, speculation concerning the possible accident-avoidance measures of a defendant faced with an emergency" (*Caban v Vega*, 226 AD2d 109, 111 [1st Dept 1996]). Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.