■ JAMES CRUZ, Respondent, v RENWICK B. SKERITT et al., Appellants. [32 NYS3d 504]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered June 23, 2015, which granted plaintiff's motion for summary judgment on the issues of liability and compliance with the threshold "serious injury" requirement of Insurance Law § 5102 (d) and ordered a trial on damages, unanimously modified, on the law, to deny plaintiff's motion as premature with respect to the serious injury issue, and vacate the order regarding a damages trial, and otherwise affirmed, without costs.

Plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability. He submitted evidence showing that defendant driver made an illegal U-turn, in violation of Vehicle and Traffic Law § 1163 (a), and collided with plaintiff's car within seconds and before plaintiff had any opportunity to avoid the collision (see Estate of Mirjani v DeVito, 135 AD3d 616, 617-618 [1st Dept 2016]; Williams v Simpson, 36 AD3d 507, 508 [1st Dept 2007]). Defendant driver's admission in the police accident report that he had made an illegal U-turn and had collided with plaintiff's car is admissible, since defendants also relied upon the report and waived any hearsay or authentication objection (see Matter of Government Empls. Ins. Co. v Boohit, 122 AD3d 525, 525 [1st Dept 2014]).

Defendant driver's affidavit, to the extent he claimed that plaintiff struck his car after the turn was complete, was insufficient to defeat plaintiff's motion as to liability, because defendant does not articulate any way in which plaintiff was at fault.

The grant of summary judgment on the serious injury issue was premature, since defendants had not had an opportunity to conduct any discovery concerning the extent or causation of the injuries (CPLR 3212 [f]; *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 103 [1st Dept 2006], *lv denied* 8 NY3d 804 [2007]). Since plaintiff placed his physical condition in issue, defendants have the right to examine him (*see Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457 [1983]; CPLR 3101, 3121). Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.