■ RUBEN RUIZ, Respondent, et al., Plaintiffs, v ROBERTO C. REYES et al., Appellants. FRANK C. RANDAZZO, Plaintiff, v AZTEC AUTO RESTORATION, INC., et al., Appellants, and MAELEEN AMBULETTE TRANSPORT, INC., et al., Respondents. [50 NYS3d 340]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered August 31, 2016, which granted the motions of respondents Ruben Ruiz, Barbara L. Borgella and Maeleen Ambulette Transport, Inc. (MATI), for summary judgment on the issue of defendants Aztec Auto Restoration, Inc. (Aztec) and Roberto C. Reyes's liability, unanimously affirmed, without costs.

This action arises out of an automobile accident where a tow truck owned by Aztec and driven by defendant Reyes crashed head-on into an ambulette owned by respondent MATI and driven by respondent Ruiz. The evidence, including affidavits of Ruiz and of respondent Borgella, who was a passenger in the ambulette, shows that at the time of the accident, the two vehicles were traveling in opposite directions, when Reyes's

vehicle crossed over the double yellow lines of traffic and struck the ambulette. The motion court correctly concluded that the evidence demonstrated the absence of any negligence on Ruiz's part, and that Aztec and Reyes failed to raise a triable issue of fact (*see e.g. Zapata v Sutton*, 84 AD3d 521 [1st Dept 2011]).

Furthermore, Aztec and Reyes failed to demonstrate entitlement to discovery concerning the emergency doctrine defense because Reyes did not deny Ruiz's assertions that Reyes was traveling at an excessive rate of speed when he collided head-on with the ambulette. The emergency doctrine does not apply when the emergency was of a defendant's own making (*see e.g. Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.