Colon v Vals Ocean Pac. Sea Food, Inc. (2018 NY Slip Op 00097)





Colon v Vals Ocean Pac. Sea Food, Inc.


2018 NY Slip Op 00097


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5386 158976/15

[*1]Jose Colon, et al., Plaintiffs-Respondents,
v
Vals Ocean Pacific Sea Food, Inc., et al., Defendants-Appellants.


Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellants.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counel), for respondents.



Order, Supreme Court, New York County (Letitia M. Ramirez, J.), entered November 7, 2016, which, in this action for personal injuries sustained in a motor vehicle accident, granted plaintiffs' motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiffs established entitlement to judgment as a matter of law on the issue of liability. The police accident report and the affidavit of plaintiff Jose Colon were sufficient to demonstrate that defendant Jason S. Gilbert's negligence in failing to stop for the red light and yield the right of way in the intersection was the sole proximate cause of the accident (see e.g. Cruz v Skeritt, 140 AD3d 554 [1st Dept 2016]). His affidavit also showed the absence of comparative negligence in that he stated that he was going 25 miles per hour, looking straight ahead in the direction of travel, and could not see defendants' van because of a chain link fence, train trestle, and the height of his motor scooter (compare Calcano v Rodriguez, 91 AD3d 468 [1st Dept 2012]).
Although Gilbert denied that he stated to the police that he did not know that he had to stop for the red light, the court correctly concluded that the affidavit was insufficient to raise an issue of fact because statements by a party in a police accident report may constitute admissions, and later conflicting statements containing a different version of the facts present only a feigned issue of fact (see Garzon-Victoria v Okolo, 116 AD3d 558 [1st Dept 2014]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK