Mack v Seabrook (2018 NY Slip Op 03911)





Mack v Seabrook


2018 NY Slip Op 03911


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


6738 309347/10 83768/12

[*1]William E. Mack, Jr., Plaintiff-Appellant,
v
Ronald Seabrook, Defendant-Respondent. [And a Third Party Action]


Laffan & Laffan, LLP, Mineola (Maura V. Laffan of counsel), for appellant.
Law Offices of Tobias & Kuhn, New York Michael V. DiMartini of counsel), for respondent.



Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about November 18, 2016, which, insofar as appealed from as limited by the briefs, granted the motion of defendant/third-party plaintiff Ronald Seabrook for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Seabrook established entitlement to judgment as a matter of law in this action for personal injuries sustained in a motor vehicle accident. Plaintiff alleges that he was a front-seat passenger in a vehicle owned by third-party defendant Transit Authority and operated by third-party defendant Raul Andrade when it collided with a vehicle owned and operated by Seabrook after Andrade made a U-turn. The parties' deposition testimony demonstrates that Seabrook may not be held liable for plaintiff's injuries because he was confronted with an emergency situation that was not of his own making when the accident happened (see Caban v Vega, 226 AD2d 109, 111 [1st Dept 1996]). The parties' testimony showed that Andrade violated Vehicle and Traffic Law § 1126(a) by unexpectedly crossing his vehicle over the double yellow line while making a U-turn and that his vehicle was struck by Seabrook's vehicle the moment it entered into the path of oncoming traffic (see Pena v Slater, 100 AD3d 488, 489 [1st Dept 2012]). In view of this testimony, the court properly determined that the emergency doctrine applied and that Seabrook had acted reasonably and prudently under the circumstances (see Dattilo v Best Transp. Inc., 79 AD3d 432, 433 [1st Dept 2010]; Coleman v Maclas, 61 AD3d 569 [1st Dept 2009]).
In opposition, plaintiff failed to raise an issue of fact as to how Seabrook's negligence contributed to the occurrence of the accident (see e.g. Stewart v Ellison, 28 AD3d 252, 253-254 [1st Dept 2006]). Plaintiff's argument that Seabrook contributed to the accident by failing to maintain a proper lookout and not using due care while operating his vehicle is speculative in light of plaintiff's testimony that he did not witness the traffic conditions or Seabrook's vehicle before the accident and the fact that he did not submit an affidavit from someone who did (see Zapata v Sutton, 84 AD3d 521 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK