Harrigan v Sow (2018 NY Slip Op 06699)





Harrigan v Sow


2018 NY Slip Op 06699


Decided on October 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Singh, JJ.


7267 7266

[*1]Taquita Harrigan, Plaintiff-Respondent-Appellant,
v
Amadou Sow, Defendant-Appellant-Respondent, Moses Joseph, et al., Defendants-Respondents.


O'Connor, O'Connor, Hintz & Deveney, LLP, Melville (Christopher M. Lochner of counsel), for appellant-respondent.
The Rosato Firm, PC, New York (Joseph S. Rosato of counsel), for respondent-appellant.
Keane & Bernheimer, PLLC, Valhalla (Connor Fallon of counsel), for, respondents.



Judgment, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered January 23, 2018, dismissing the complaint and all cross claims as against defendants Moses Joseph and Amanda Jackson pursuant to an order, same court and Justice, entered on or about January 16, 2018, which, inter alia, granted the cross motion of Joseph and Jackson for summary judgment, unanimously affirmed, without costs. Defendant Amadou Sow's appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Plaintiff's appeal from the aforesaid order, deemed an appeal from the judgment.
Plaintiff was a passenger in a vehicle owned by defendant Jackson and driven by defendant Joseph, which was hit in an intersection by the livery vehicle owned and operated by defendant Sow. Sow admittedly failed to stop at the stop sign before entering the intersection, due to a mechanical failure of his brakes.
Joseph and Jackson met their prima facie burden of establishing that the motor vehicle accident resulted solely from Sow's negligence. Both drivers' deposition testimony demonstrates that Joseph had the right of way in entering the intersection and that Sow did not stop at the stop sign before colliding with the side of Joseph's vehicle. As the driver with the right of way, Joseph was entitled to anticipate that the other vehicle would obey the traffic laws that required it to yield, and he had no duty to watch for and avoid a driver who might fail to stop at a stop sign (see e.g. Gonzalez v Bishop, 157 AD3d 460 [1st Dept 2018]; Sanchez v Lonero Tr., Inc., 100 AD3d 417 [1st Dept 2012]).
Joseph testified that he stopped twice and looked both ways before entering the intersection, and the contention by Sow and plaintiff that Joseph negligently failed to maintain a good lookout is speculative and fails to raise a triable issue of fact (see Jenkins v Alexander, 9 AD3d 286, 288 [1st Dept 2004]). Moreover, under the emergency-like circumstances presented, Joseph's evasive response of accelerating to avoid a collision in the few seconds before impact did not constitute negligence
(Gonzalez v Bishop, 157 AD3d at 461; Rooney v Madison, 134 AD3d 634, 634-635 [1st Dept 2015], lv denied 27 NY3d 911 [2016]).
Plaintiff's and Sow's remaining contentions are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 9, 2018
CLERK