Thompson v Coca-Cola Bottling Co. (2019 NY Slip Op 02285)





Thompson v Coca-Cola Bottling Co.


2019 NY Slip Op 02285


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Manzanet-Daniels, J.P., Gische, Gesmer, Singh, Moulton, JJ.


8800 26064/15E

[*1]Giovanni G. Thompson, Plaintiff-Appellant,
v
Coca-Cola Bottling Co., et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Goldberg Segalla, White Plains (Jill C. Owens of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered December 18, 2017, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted. Plaintiff made a prima facie showing of negligence on the part of defendants by submitting a police report of the incident containing defendant Adorno's statement that he backed into plaintiff's vehicle, an admission against interest (see Cruz v Skerrit, 140 AD3d 554, 554 [1st Dept 2016]). Plaintiff also submitted his own affidavit, which stated, consistent with the police report, that his vehicle was stopped, and that defendant backed his tractor trailer into the front passenger side of plaintiff's vehicle as plaintiff continuously sounded his horn. Defendant's submissions in opposition to the motion were insufficient to raise a triable issue of fact, because defendant Adorno's affidavit contains a version of the facts which seems tailored to avoid the consequences of his prior admission to the police officer, is premised on speculation, and is inconsistent with the photographs of the damage to plaintiff's car (Garzon-Victoria v Okola, 116 AD3d 558 [1st Dept 2014]).
We note that plaintiff was not required to demonstrate his own freedom from comparative negligence in order to be entitled to summary judgment as to defendants' liability (Rodriguez v City of New York, 31 NY3d 312 [2018]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK