Curl v Schiffman (2020 NY Slip Op 02725)





Curl v Schiffman


2020 NY Slip Op 02725


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


11447 160139/17

[*1] Suzanne Curl, Plaintiff-Respondent,
v
Michael H. Schiffman, et al., Defendants-Appellants.


White & McSpedon, P.C., New York (Irwen C. Abrams of counsel), for appellants.
Nguyen Leftt, P.C., New York (Stephen D. Chakwin, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered February 14, 2019, which granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on the issue of liability by submitting evidence showing that she was crossing an intersection within the crosswalk, with the light in her favor, when defendants' vehicle struck her while making a left turn (see Rozon v Rosario, 144 AD3d 597 [1st Dept 2016]; Beamud v Gray, 45 AD3d 257 [1st Dept 2007]).
In opposition, defendants failed to raise a triable issue of fact. Defendant Michael Schiffman's affidavit was inconsistent with the police report and with the report of motor vehicle accident that he had filled out six days after the accident. Due to these inconsistencies, Schiffman's affidavit raises feigned issues of fact, and is insufficient to defeat the motion for summary judgment (see e.g. Estate of Mirjani v DeVito, 135 AD3d 616, 617 [1st Dept 2016]; Batashvili v Veliz-Palacios, 170 AD3d 791, 792 [2d Dept 2019]). Furthermore, his affidavit fails to raise a triable issue as to whether there was a nonnegligent explanation for the accident, as he does not indicate that plaintiff was outside of the crosswalk or that she did not have the light in her favor when the accident occurred (cf. Villaverde v Santiago—Aponte, 84 AD3d 506 [1st Dept 2011]).
Contrary to defendants' contentions, plaintiff's affidavit is based on her personal knowledge of the accident, as she was lucid and able to communicate with defendant and police officers immediately after being struck by the vehicle. Although she alleged injuries including cognitive difficulties and memory issues, there is no evidence that plaintiff had been unable to recall the general details contained in her affidavit.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK