Concepcion v City of New York (2022 NY Slip Op 00626)





Concepcion v City of New York


2022 NY Slip Op 00626


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 


Index No. 33025/18E Appeal No. 15196 Case No. 2021-02865 

[*1]Juan Concepcion et al., Plaintiffs-Appellants,
v
The City of New York, et al., Defendants-Respondents.


Goldberg & Salerno, P.C., Deer Park (Allen Goldberg of counsel), for appellants.
Silverman Shin & Byrne P.C., New York (Aryeh Reiser of counsel), for respondents.



Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about June 11, 2021, which denied plaintiffs' motion for summary judgment on the issue of defendants Pride Transportation Services Inc. and Frederick L. Vines, Sr.'s liability and for an order striking the affirmative defense alleging that plaintiffs' damages were caused in whole or in part by their own culpable conduct, unanimously affirmed, without costs.
In this action for personal injuries sustained in a collision between defendants' bus and plaintiffs' vehicle, triable issues exist as to how the accident occurred, as plaintiff Concepcion and defendant Vines provided conflicting versions of the accident (see Savall v New York City Tr. Auth., 173 AD3d 566, 567 [1st Dept 2019]). The sole basis for plaintiffs' claim that Vines was in violation of Vehicle and Traffic Law §§ 1128(a) and 1162 is Concepcion's affidavit, which was contradicted by the assertions made by Vines in his affidavit submitted in opposition to the motion.
The uncertified police report is not in admissible form and thus cannot be used to establish that Vines's testimony raised only a feigned issue of fact (see Yassin v Blackman, 188 AD3d 62, 65 [2d Dept 2020]). Even if it were admissible, the police report would still be insufficient to support plaintiffs' claim, as it does not speak to Concepcion's rate of speed one way or the other; thus, Vines's affidavit does not directly contradict any statement attributed to him in the police report (see e.g. Ramos v Rojas, 37 AD3d 291, 292 [1st Dept 2007]). Nor was Vines's testimony that Concepcion was speeding speculative (see Gonzalez v City of New York, 295 AD2d 122 [1st Dept 2002]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022