Martin v Gelco Corp. (2023 NY Slip Op 02764)

Martin v Gelco Corp.

2023 NY Slip Op 02764

Decided on May 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 23, 2023

Before: Webber, J.P., Kern, Scarpulla, Rodriguez, JJ. 

Index No. 26191/17E Appeal No. 302 Case No. 2023-00073 

[*1]Cornell Martin etc., et al., Plaintiffs-Respondents,
v
Gelco Corporation et al., Defendants-Appellants.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondents.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about October 14, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment on liability, unanimously affirmed, without costs.
Plaintiffs established prima facie entitlement to summary judgment on liability by submitting plaintiffs Cornell Martin and A.D.'s deposition testimony, defendant Alberto O'Brien's deposition testimony, and the certified police accident report, all of which demonstrated Martin and A.D. were within an unmarked crosswalk in the roadway when O'Brien failed to yield the right-of-way and hit them while making a left turn onto the roadway (see Vehicle and Traffic Law § 1151 (a); 34 RCNY 4-01 (b) [defining "Crosswalk" including "Unmarked crosswalk"]; Curl v Schiffman, 183 AD3d 415, 415 [1st Dept 2020]; Torres v Werner Bus Lines, Inc., 157 AD3d 624, 624-625 [1st Dept 2018]). Moreover, Supreme Court properly applied the statement against interest rule in relying on O'Brien's statement to police immediately after the accident and included in the police report, a business record (see Bracco v MABSTOA, 117 AD2d 273, 277 [1st Dept 1986]), in which O'Brien stated that he did not see Martin and A.D. until he felt the impact (see Garzon-Victoria v Okolo, 116 AD3d 558, 558 [1st Dept 2014]).
In opposition, defendants failed to raise a question of fact. Their claim that Martin staged the accident is refuted by the record (see Curl v Schiffman, 183 AD3d at 416; see also Estate of Mirjani v DeVito, 135 AD3d 616, 617 [1st Dept 2016]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 23, 2023