Fishman v Isales (2024 NY Slip Op 05770)

Fishman v Isales

2024 NY Slip Op 05770

Decided on November 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 19, 2024

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Rodriguez, Rosado, JJ. 

Index No. 26941/15 Appeal No. 3069 Case No. 2023-04936 

[*1]Marc Fishman, Plaintiff-Appellant-Respondent,
v
Karen Isales Also Known as Karen Irizarry et al., Defendants-Respondents-Appellants.

Law Office of Michael H. Joseph, P.L.L.C., White Plains (Michael H. Joseph of counsel), for appellant-respondent.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Sean E. Kelly of counsel), for Karen Isales and US Security Associates Inc., respondents-appellants.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered October 2, 2023, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on his claims that his occipital neuralgia, cubital tunnel syndrome, and temporomandibular joint (TMJ) disorder constitute "serious injuries" under Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants raised a triable issue of fact as to whether plaintiff's occipital neuralgia was a causally related "serious injury" under Insurance Law § 5102(d) through the affirmed reports of their orthopedic expert and neurology expert, who found normal range of motion in plaintiff's cervical spine and concluded that his MRI showed pre-existing degenerative conditions (see Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]; Macdelinne F. v Jimenez, 126 AD3d 549, 551 [1st Dept 2015]). Significantly, plaintiff had also been involved in three prior motor vehicle accidents, injuring the same body parts claimed in this action (see Dorrian v Cantalicio, 101 AD3d 578, 578 [1st Dept 2012]). Since defendants raised a triable issue of fact as to causation, the motion court correctly denied summary judgment on plaintiff's 90/180 day claim (see Perez v Ahadzi, 224 AD3d 556, 557 [1st Dept 2024]).
The motion court properly denied plaintiff summary judgment on his other injuries following a second motor vehicle accident, as relevant discovery remained outstanding (see e.g. Cruz v Skeritt, 140 AD3d 554 [1st Dept 2016]). In any event, defendants raised triable issues of fact as to whether these injuries were caused by the subject accident (see Dorrian, 101 AD3d at 578).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2024